(152 App. Div. 884.)

### PEOPLE v. VITUSKY.

(Supreme Court, Appellate Division, First Department. July 11, 1912.)

CRIMINAL LAW (§ 1091*)—APPEAL—RECORD.

> Code Cr. Proc. § 458, provides that, on an appeal from a conviction after a trial, the appeal must be heard on the judgment roll, including a copy of the minutes of the trial, filed as required by section 456. *Held* that, under section 542, prohibiting a reversal for an error which does not appear to have affected the substantial rights of the defendant, a bill of exceptions containing only so much of the evidence of the proceedings on the trial as were sufficient to present a single question of law, raised by an objection to a ruling permitting the reading of the testimony of a witness since deceased, and not including a copy of the minutes of the trial, was improper.

> [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2815, 2816, 2818, 2819, 2823, 2824, 2828–2833, 2843, 2931–2933, 2943; Dec. Dig. § 1091.*]

Appeal from Court of General Sessions, New York County.

Charles Vitusky was convicted of attempted extortion, and he appeals. On motion to dismiss. Granted conditionally.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Robert C. Taylor, Asst. Dist. Atty., of New York City, for the motion.

K. Henry Rosenberg, of New York City, opposed.

PER CURIAM. The defendant was convicted of attempted extortion, and served his notice of appeal on February 24, 1912. A certificate of reasonable doubt was granted by Judge Bischoff on April 1, 1912. It has been agreed between the attorney for the appellant and the district attorney that a bill of exceptions should be served which would contain so much of the evidence of the proceedings upon the trial as to present one question of law, to which an exception was taken, which apparently was the reading of the testimony of a deceased witness.

By section 458 of the Code of Criminal Procedure, upon an appeal from a judgment convicting a defendant of a crime after a trial of an issue of fact, the appeal must be heard upon the judgment roll, including a copy of the minutes of the trial filed as prescribed by section 456 of the Code of Criminal Procedure. By section 542 of the Code of Criminal Procedure the court must give judgment without regard to technical errors or defects, or exceptions which do not affect the substantial rights of the parties; and under this section, although there is an exception which presents error, the court is not authorized to reverse the judgment unless it can see that the exceptions do affect the substantial rights of the defendant. We therefore think the judge who tried the case was correct in refusing to sign the bill of exceptions, and if the defendant wishes to prosecute the appeal he must print the judgment roll, which includes the minutes of the trial filed by the stenographer.

As it is clear, however, that the default was not intentional, but because of the doubt about the construction of the amendment to section 458 of the Code of Criminal Procedure, the motion will be granted, unless the record is printed, filed, and served so that the case can be placed on the calendar by the first day of the October term.