THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MARIE WILLIAMS, Appellant.

Second Department, May 22, 1925.

Crimes — appeal — appellant must comply with Code of Criminal Procedure, § 458, by making and serving case or bill of exceptions or by printing judgment roll — appellant did not comply with said section — appeal not dismissed on condition that section be complied with.

A defendant who is convicted of a crime not punishable by death must, to perfect an appeal, either make and serve a case or bill of exceptions or print the entire judgment roll as required by section 458 of the Code of Criminal Procedure.

Accordingly, an appeal may be dismissed where the record on appeal consists of copies of the notice of appeal, the indictment, the demurrer, the order overruling the demurrer, the order denying a new trial, the judgment appealed from, the clerk's extract from the minutes, the affidavit of no opinion and the certificate of the clerk that the papers are true copies of the original, for such a record does not comply with section 458 of the Code of Criminal Procedure.

While the motion to dismiss the appeal might have been granted in this case, it was denied in the interests of justice on condition that the appellant either procure a case to be made and settled as prescribed by said section, or that she print the whole of the judgment roll as prescribed by said section, including the stenographer's minutes and have the case ready for argument at the next term of the Appellate Division.

MOTION to dismiss defendant's appeal from a judgment of the County Court of Orange county entered on the 23d day of March, 1925, convicting her of the crime of keeping a disorderly house and maintaining a public nuisance, with notice of intention to bring up

for review upon said appeal an order overruling defendant's demurrer to the indictment.

This motion is based on the ground that the defendant has not made and served a case under the requirements of section 458 of the Code of Criminal Procedure.

*Elmer H. Lemon, District Attorney,* for the motion.

*Henry Hirschberg,* opposed.

JAYCOX, J.:

The indictment herein charged the defendant with keeping a disorderly house and maintaining a public nuisance.

The defendant interposed a demurrer upon the ground that the indictment charged the defendant with the commission of more than one crime within the meaning of sections 278 and 279 of the Code of Criminal Procedure. The demurrer was overruled and a trial was had under the indictment. The defendant was convicted upon both counts and sentenced to imprisonment in the county jail for six months and to pay a fine of $200.

The defendant has appealed and prepared and served what she claims is a case upon appeal. The notice of appeal is from the judgment of conviction; and also gives notice of an appeal from the order overruling the defendant's demurrer to the indictment.

Section 517 of the Code of Criminal Procedure provides that an appeal from a judgment of conviction after indictment brings up for review " any actual decision of the court in an intermediate order or proceeding forming a part of the judgment-roll, as prescribed by section four hundred and eighty-five."

The appellant has had printed and served upon the district attorney some papers which are indorsed " Papers on appeal from an order overruling defendant's demurrer to indictment." These papers consist of copies of the notice of appeal, the indictment, the demurrer, the order overruling the demurrer, the order denying a new trial, the judgment appealed from, the clerk's extract from the minutes, affidavit of no opinion and the certificate of the clerk that the papers are true copies of the originals.

The district attorney has moved for the dismissal of the appeal upon the ground that the defendant has not made and served a case, or that she is attempting to appeal from an order overruling a demurrer.

Section 456 of the Code of Criminal Procedure provides that " Where the defendant is convicted of a crime the clerk of the court in which the conviction was had shall within two days after a notice of appeal shall be served upon him notify the stenographer that an appeal has been taken whereupon the stenographer shall

within ten days after receiving such notice deliver to the clerk of the court a copy of the stenographic minutes of the entire proceedings of the trial certified by the stenographer as an accurate transcript of such proceeding. Such copy shall be filed by the clerk in his office and shall constitute the minutes of the court of the trial and be included in the judgment-roll as provided by section four hundred and eighty-five of this act."

Section 485, so far as applicable, reads as follows: " When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had; and must, upon the service upon him of notice of appeal, immediately annex together and file the following papers, which constitute the judgment-roll: * * * 2. The indictment and a copy of the minutes of the plea or demurrer; * * * 4. A copy of the minutes of the trial; 5. A copy of the minutes of the judgment; 6. A copy of the minutes of any proceedings upon a motion either for a new trial or in arrest of judgment; 7. The case, if there be one."

Section 458 of the Code of Criminal Procedure reads as follows: " When a party intends to appeal from a judgment rendered after the trial of an issue of fact he must, except as otherwise prescribed by law or by this section, make a case and procure the same to be settled and signed, by the judge or justice, by or before whom the action was tried, as prescribed in the General Rules of Practice [now Rules of Civil Practice]; or, in case of the death or disability of such judge or justice, in such manner as the appellate court directs. The case must contain so much of the evidence, and other proceedings upon the trial, as is material to the questions to be raised thereby, and also the exceptions taken by the parties making the case; and in a case where a special question is submitted to the jury, such exceptions taken by any party to the action as shall be necessary to determine whether there should be a new trial, if the judgment be reversed. If it afterwards becomes necessary to separate the exceptions, the separation may be made and the exceptions may be stated with so much of the evidence, and other proceedings, as is material to the questions raised by them, in a case prepared and settled by the General Rules of Practice [now Rules of Civil Practice] or in the absence of directions therein, by the court, upon motion. When the defendant intends to appeal from a judgment entered after a trial of an issue of fact where he is convicted of a crime it shall not be necessary to make a case or bill of exceptions as prescribed in this section, but the appeal shall be heard upon the judgment-roll including the copy of the minutes of the trial filed as prescribed by section four hundred and fifty-six of the Code

of Criminal Procedure.  Within thirty days after the service of a notice of appeal from a judgment of conviction of a crime not punishable by death, the appellant shall procure to be printed as required by the General Rules of Practice [now Rules of Civil Practice] the record upon which the appeal is to be heard and cause the same to be filed with the clerk of the Appellate Division of the Supreme Court in which the appeal is to be heard duly certified by the clerk of the court in which the conviction was had.  If the printed copy of the record so certified is not filed within the time hereinbefore specified the district attorney may move to dismiss the appeal upon four days' notice to the adverse party and such appeal shall be dismissed unless the Appellate Division of the Supreme Court shall for good cause shown by order extend the time for filing the printed papers so certified as aforesaid."

It will be seen that this section provides two methods of preparing a record upon appeal.

The appellant was obliged to do either one of two things: (a) Procure the case to be settled and have the judge before whom the action was tried sign and settle the case, which must contain so much of the evidence and other proceedings upon the trial as is material to the questions to be raised by the appeal; or (b) print the whole of the judgment roll, which must contain the papers prescribed in section 485, and this includes a copy of the stenographer's minutes taken upon the trial.

The logical result of this would be to dismiss the appeal.  The Code of Criminal Procedure provides, if the printed copy of the record so certified is not filed within the time herein specified, the district attorney may move to dismiss the appeal upon four days' notice.

In this action, however, it would seem to be unjust to permit the appeal to be dismissed.  I think the motion should be denied on condition that the appellant either procure a case to be made and settled, as prescribed by section 458, or that she print the whole of the judgment roll, as prescribed by said section, including the stenographer's minutes, and that she have the case ready for argument at the June term of this court.

KELLY, P. J., MANNING, KELBY and KAPPER, JJ., concur.

Motion to dismiss appeal denied, on condition that appellant either procure a case to be made and settled as prescribed by section 458 of the Code of Criminal Procedure, or that she print the whole of the judgment roll as prescribed by said section, including the stenographer's minutes, and that she have the case ready for argument at the June term of this court.