THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RICHARD MORGANTI, Appellant.

Fourth Department, June 29, 1943.

*DeSilver Drew* for appellant.

*John S. Marsh, District Attorney (Salem G. Mansour* of counsel), for respondent.

HARRIS, J. On October 28, 1941, after indictment and trial, the defendant-appellant was convicted of a violation of section 1053-a of the Penal Law, and on such conviction judgment was rendered sentencing him to serve a term of not less than one year and not more than three years in State Prison. On November 22, 1941, the appellant duly served and filed his notice of appeal from such judgment of conviction, and on December 13, 1941, there was granted him a certificate of reasonable doubt. On such certificate he was admitted to bail and he has ever since been on bail.

The testimony at the trial of the defendant-appellant was taken by F. Ralph Foltz, official stenographic reporter of the County Court of Niagara County. On January 26, 1942, Mr. Foltz died. Previous to his death, Mr. Foltz was not notified to, and did not make and file a transcript of the minutes of the trial of the defendant-appellant. (Code Crim. Pro. § 456.)

In September, 1942, the respondent moved this court to dismiss the defendant-appellant's appeal, and at that September term of court, this court denied such motion. The motion was opposed by the defendant-appellant on the ground that due to the death of Mr. Foltz there could be no compliance with the provisions of section 456 of the Code of Criminal Procedure.

Such section 456, so far as pertinent, is quoted: "Where the defendant is convicted of a crime the clerk of the court in which the conviction was had shall within two days after a notice of appeal shall be served upon him notify the stenographer that an appeal has been taken whereupon the stenographer shall within ten days after receiving such notice deliver to the clerk of the court a copy of the stenographic minutes of the entire proceedings of the trial certified by the stenographer as an accurate transcript of such proceeding. Such copy shall be filed by the clerk in his office and shall constitute the minutes of the court of the trial and be included in the judgment-roll as provided by section four hundred and eighty-five of this act. * * *"

On the motion to dismiss and on this appeal, the respondent has presented a so-called transcript of Mr. Foltz's minutes made at the request of the District Attorney by John J. Healy, an official stenographer of the Supreme Court, who certified as to such transcript as follows: "I * * * do hereby certify, with reasonable certainty, that the foregoing transcript of the stenographic minutes of the entire proceedings of the trial herein, transcribed by me from the stenographic notes of F. Ralph Foltz, a former official Niagara County Court stenographer, is an accurate, full and complete transcript of such proceeding."

The defendant-appellant, on the motion to dismiss produced and, on this appeal, produces an affidavit of another official court stenographer based on the contents of which he argues that no person, except the person taking the minutes, can prepare an absolutely correct transcript of the minutes. In disposing of the motion to dismiss the appeal this court stated: "Upon this motion to dismiss the appeal we do not decide the question whether or not appellant would be entitled to a new trial on account of the fact that the stenographer who reported the trial died before his minutes were transcribed."

The respondent claims that by reason of the provisions of section 458 of the Code of Criminal Procedure, the appellant has two methods of *preparing and presenting* to this court this case on appeal. This the appellant disputes. It will be noted that section 458 of the Code of Criminal Procedure does provide for two types of record on appeal — one being a case including the pertinent part of the evidence, and the exceptions, and the other being the preparation by the appellant of a record made up from the judgment roll and including the copy of the

minutes of the trial filed as prescribed in section 456 of the Code of Criminal Procedure. Decisions differ as to whether these two methods are in the alternative, or whether when (as in this case) the defendant-appellant desires and is entitled to be heard on the entire record, such record must be made up as is provided for in section 458 of the Code of Criminal Procedure, the pertinent part of which herein is quoted as follows: "When the defendant intends to appeal from a judgment entered after a trial of an issue of fact where he is convicted of a crime it shall not be necessary to make a case or bill of exceptions as prescribed in this section, but the appeal shall be heard upon the judgment-roll including the copy of the minutes of the trial filed as prescribed by section four hundred and fifty-six of the code of criminal procedure. Within thirty days after the service of a notice of appeal * * * the appellant shall procure to be printed as required by the general rules of practice the record upon which the appeal is to be heard and cause the same to be filed with the clerk of the appellate division of the supreme court in which the appeal is to be heard duly certified by the clerk of the court in which the conviction was had.''

We need not decide as to whether the appellant may choose either one of the two methods prescribed in section 458 of the Code of Criminal Procedure, and thus may make a case without the minutes entirely transcribed in the manner prescribed in section 456 of the Code of Criminal Procedure, or whether it is necessary that he file a record in accordance with the latter portion of section 458, including the minutes prepared in accordance with the provisions of section 456 of the Code of Criminal Procedure as a part of a judgment roll prepared in accordance with the provisions of section 485 of the Code of Criminal Procedure. (*People* v. *Vitusky,* 153 App. Div. 879; *People* v. *Williams,* 213 App. Div. 482.) Assuming, *for the sake of argument only,* that in the present case it is necessary that the appellant file a judgment roll including the entire stenographic minutes taken at the trial, we have the question whether the record as prepared on appeal herein by the District Attorney and *settled below by the order appealed from* (the defendant appellant having failed and refused to file such a record on appeal and having objected to the settlement of such record) is a record on appeal sufficient to protect the rights of the defendant herein and made in substantial compliance with the statute.

The Appellate Division of the First Department of this State has held that the death of the court stenographer and the ensuing disability to obtain a transcript of minutes necessitates a new trial. (*People (Berry)* v. *DeWilkowska*, 246 App. Div. 285.) The *DeWilkowska* case appears to be an authority in support of the contention of the appellant, but an examination of the record in the *DeWilkowska* case, and of the record in *People* v. *Cittrola* (213 App. Div. 674), cited therein, and the cases therein cited, shows that the basis of this ruling of the First Department was that there was no means of obtaining the evidence taken in the trial court due to the fact that either such evidence was not taken, or was not preserved. In the matters before us, we have a different situation which distinguishes these cases.

Attention is drawn to the provisions of sections 298 and 299 of the Judiciary Law, from which sections the pertinent portions are now quoted: Section 298: '' Unless the original stenographic notes * * * are filed, pursuant to an order, made as prescribed in section fourteen of this chapter, they must be carefully preserved by the stenographer, for two years after the trial or hearing; '' Section 299: '' If the stenographer dies * * * before the expiration of the time specified in section two hundred and ninety-eight, the original stenographic notes taken upon trials and hearings must be delivered to his successor in office, to be held by him with like effect, as if they had been taken by him.''

These provisions weaken if they do not entirely destroy the contention of the appellant that a record on appeal cannot be prepared herein because of the death of the court reporter. The record on appeal as settled by the trial court includes a transcript of the minutes of the trial taken by Mr. Foltz and turned over to Mr. Healy, the official reporter, presumably by order of the County Court. Mr. Healy has certified to the accuracy of his transcript. Over the objection of the defendant-appellant to the sufficiency of the record on appeal as prepared by the District Attorney, the judge in the court below, who presided at the trial, has settled the record on appeal in the following language: '' ORDERED, that the objections to the proposed case on appeal herein be, and the same are hereby, disallowed, and that the proposed case on appeal be, and it hereby is, settled as served and proposed by the respondent herein, and the defendant-appellant is hereby directed to file said case on appeal as hereby settled and allowed, and it is hereby certified that the said case, as hereby settled, contains all the evidence on the issues to be raised upon the appeal.''

The appellant does not criticize the accuracy of the record on appeal as settled by the court below. His counsel simply maintains that he cannot remember everything that occurred at the trial, hence he cannot pass upon the accuracy of the minutes in the record on appeal. We conclude that the record as settled by the court below, is a proper record on appeal and contains nothing harmful to the appellant and lacks nothing necessary to him in the argument of his appeal. It is true that a defendant-appellant has a right to appeal. It is true that his right to appeal cannot, and should not, in any way be limited by an incomplete set of minutes or an incomplete judgment roll. But it is not shown to us that this is the situation here; indeed, the order of the court and the certificate of the successor court stenographer are ample enough to warrant us in holding that the record on appeal is a proper and full record. Therefore, the order below should be affirmed.

There is some question as to whether this is an appealable order. (Code Crim. Pro. §§ 515, 517.) But in view of the main question presented by the defendant-appellant being of unusual importance, we do not pass on the appealability of the order, but on the main question involved as above discussed.

The order should be affirmed, without costs of this appeal to either party.

All concur. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order affirmed, without costs of this appeal to either party.