■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRED DE LUCIA and SALVATOR MONTELLA, Appellants.— Appeal by defendants: (a) from judgments of the Supreme Court, Queens County, rendered June 28, 1963 after a joint jury trial, convicting the defendant De Lucia of attempted burglary in the third degree and of possession of burglar's instruments as a felony; and convicting the defendant Montella of the same burglary count and of possession of burglar's instruments as a misdemeanor, and imposing sentence upon each of them; and (b) from an order of the said court, made February 13, 1964 on reargument, which adhered to the court's original order of June 13, 1963 and denied defendants' motion for a new trial on the ground that during the trial some of the jurors, without authorization, had visited the scene of the alleged crimes. Judgment affirmed as to each defendant. No opinion. A separate appeal does not lie from the order of February 13, 1964. However, such order has been reviewed on the appeal from the judgments (see Code Crim. Pro., §§ 517, 485). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT REATZ, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered October 30, 1944 after a jury trial, convicting him of burglary in the third degree and petit larceny, and imposing sentence upon him as a second felony offender. Judgment affirmed. We are satisfied that the record (which was supplied to the defendant pursuant to this court's order of April 7, 1964) is sufficient to protect his rights and constitutes a substantial compliance with the statutes (*People* v. *Morganti*, 266 App. Div. 362). The lapse of time between this court's dismissal of the appeal on May 7, 1945 for failure to prosecute and the vacatur of such dismissal on December 9, 1963, resulted from the defendant's failure to move to vacate the order of dismissal until September, 1962. In any event, no prejudice can be attributed to the hiatus. Nor did the failure of the prosecutor to expand his opening beyond a reading of the indictment constitute reversible error. The guilt of defendant was established. Finally, with respect to the prosecutor's summation, no factual claim of any prejudicial statement therein has been set forth; the defendant's mere conclusory statements will not suffice. (For prior related decisions, see *People* v. *Reatz*, 20 A D 2d 552.) Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.