# Court of Appeals.

March 2, 1897.

## PEOPLE v. ANNIE GILES et al.

**1. CHILDREN—COMMITMENT.**

It is the duty of a magistrate, in proceedings under § 749 of the Criminal Code, to keep, or have kept, under his direction, minutes of the testimony taken upon the trial, to the end that his determination as to the facts may be reviewed upon appeal.

**2. SAME—APPEAL.**

The errors relied upon must be pointed out in the affidavit upon which the appeal is allowed.

**3. SAME.**

Where the affidavit alleges no errors with reference to a determination of the facts, the evidence is not required to be returned.

Appeal by the New York Society for the Prevention of Cruelty to Children from a judgment of the Appellate Division, First Department, reversing the judgment of the Court of General Sessions of the City and County of New York, and remitting the case to the Court, with directions to order a new trial, under the provisions of the Code of Criminal Procedure.

Elbridge T. Gerry, for appellant.

Hugh O. Pentecost, for respondents.

HAIGHT, J.—On the 21st day of June, 1896, the respondents, being children under the age of sixteen years and of the age of five and seven years respectively, were arrested and brought before a Magistrate for the City of New York, upon a complaint charging that they were found improperly exposed and neglected by their parents, and in a reputed house of assignation and prostitution and without any proper guardianship, in violation of the Penal Code of the State of New York. Thereupon, a hearing was had before the Magistrate, resulting in a commitment of the children to the "Missionary Sisters of the Third Order of St. Francis." From the judgment so entered, the mother of the child-

ren took an appeal to the Court of General Sessions, pursuant to section 749 of the Code of Criminal Procedure. The Magistrate, in his return, among other things, certified that the testimony and evidence taken by him upon such hearing was not reduced to writing, except in so far as the same was contained in the complaint and papers of which copies were annexed and made a part of his return. It was upon this certificate that the Appellate Division reversed the judgment of the Court of General Sessions, which affirmed the commitment of the children. Upon this review it was earnestly argued that the preservation of the testimony taken by the Magistrate was not necessary or required, and that such a failure to preserve the testimony furnished no ground for reversal.

The children were committed pursuant to the provisions of section 291 of the Penal Code. The appeal was brought under the provisions of section 749 of the Code of Criminal Procedure. This section is included in part five of the Code which provides for a complete system of procedure, independent of that provided for in part four; except in so far as the provisions of part four are expressly adopted in part five. Section 204, which provides for the manner in which the testimony shall be taken and authenicated, under the procedure authorized by part four, cannot, therefore, be held to apply to the procedure authorized by part five (People ex rel. Commissioners of Public Charities v. Cullen, 151 N. Y. 54, 57.) We have not found any provision included within part five which expressly requires that the testimony taken upon the trial of these cases therein provided for shall be reduced to writing and preserved; but that the testimony should be preserved we think is clearly inferred. Section 750 provides that "an appeal may be allowed from an erroneous decision or determination of law or fact upon the trial." Here we have an express provision authorizing a review of a determination of fact. Such a review would be impossible if the testimony should not be preserved. The provision giving the right to review upon the facts necessarily contemplates the preservation of the evidence.

Again, the appeal provided for by section 749 is a substitute for the review formerly had of proceedings authorized by this part of the Code under the writ of *certiorari.* The question here under

consideration was fully considered by this Court in the case of Mullins v. People (24 N. Y. 399). It was then held that a common law *certiorari* to review a summary conviction under a penal statute brings up, not only questions affecting the jurisdiction of the Magistrate and the regularity of the proceedings, but the question whether there was any evidence to warrant the conviction. Selden, Ch. J., speaking for the court, says: "An impression has prevailed to some extent in this State, founded upon several decisions of our late Supreme Court, that the power to review upon a common law *certiorari* is confined * * * to questions touching the jurisdiction of the subordinate tribunal, and the regularity of its proceedings." He then adds: "This has never, I think, been very cordially assented to; and, from my examination of the subject, it seems to me clear that, at least in that class of cases where the writ is used to remove a summary conviction had before Magistrate under a penal statute, the doctrine is erroneous. It is true, as has been often said, that such a *certiorari* removes only the record; and hence it seems to have been inferred that the evidence upon which the conviction was had would not be returned. But it will be found to have been conclusively settled at common law that the Magistrate in these cases must insert the evidence in the record of the conviction itself, for the express purpose of enabling the Superior Court, upon a removal of the proceedings by *certiorari*, to determine upon the face of the conviction whether it was lawful; and although the Court would not interfere upon a question as to the mere weight of the evidence, yet a conviction without any evidence to support it has always, in the English Courts, been reversed or quashed as erroneous." He then concluded with a discussion of the English cases. This doctrine was previously asserted in the case of Moorewood v. Hollister (6 N. Y., 309, 236), and has been followed and approved in People ex rel. Cook v. Board of Police (39 N. Y., 506, 514), Freeman v. Ogden (40 N. Y., 105), People ex rel. Rips v. N. Y. C. P. (106 N. Y., 604) and many other cases. The provisions of the Code of Criminal Procedure do not require the evidence to be incorporated in the commitment, but they do not dispense with its being inserted in the return when required by the notice or affidavit of appeal.

Our Magistrates are invested with important powers. Many offenses of a criminal nature may be summarily tried and disposed, of by them. Their determinations, in many instances, involve the liberties and property of citizens. To permit them to exercise these important powers, without keeping any minutes or records of the testimony upon which their determinations can be reviewed would be contrary to public policy, and would be investing them with autocratic powers greater than those possessed by any other officer of the government. We think that the Legislature never intended to invest them with such powers, that it is their duty to keep, or have kept under their direction, minutes of the testimony taken upon trials, to the end that their determinations as to the facts may be reviewed upon appeal.

We have, however, in this case reached the conclusion that the testimony was not required to be returned by the affidavit of appeal. Section 751 of the Code of Criminal Procedure provides that, " for the purpose of appealing, the defendant, or some one on his behalf, must, within ten days after the judgment, *or within twenty days after the commitment where the appeal is from the latter,* make an affidavit stating the fact showing the alleged errors in the proceedings or conviction of *commitment* complained of, and must within that time present it to the County Judge or a *Justice* of the Supreme Court, * * * and may apply thereon for the allowance of the appeal. " It thus appears that the errors relied upon must be pointed out in the affidavit upon which the appeal is allowed. The errors, as we have seen, are those provided for by section 750, among which is a determination of fact. Upon referring to the affidavit upon which the appeal in this case was allowed, we find no allegation to the effect that the judgment of the Magistrate was unsupported by evidence. It is stated that the commitment is without warrant of law, for the reason that the trial of Mary Giles, the mother, in the Court of Sessions, resulted in her acquittal. She had been arrested, charged with the offense of keeping a house of assignation; she was tried in a Court of Special Sessions on a latter day. These respondents were tried before a Magistrate. The Magistrate has returned that they were committed by him in pursuance of a proceeding entirely distinct, separate and apart from the complaint against Mary Giles, and upon evidence other

than that produced in her case. What took place upon her trial is unimportant. We are only concerned with that which took place upon the trial of the children. It was charged that they were found improperly exposed and neglected; that they were found without proper guardianship, as well as being in a reputed house of assignation. The Magistrate acquired jurisdiction over them, if they were improperly exposed and neglected, even though the house was not of the character charged; but whether it was of that character must be determined from the evidence taken before the Magistrate, and not that taken upon some other trial. Section 756 provides that "the Magistrate or Court rendering the judgment must make a return to all the matters stated in the affidavit." The affidavit alleging no errors with reference to a determination of the facts, the evidence was not required to be returned.

The judgment of the Appellate Division should be reversed, and that of the Court of Sessions affirmed.

All concur, except Bartlett, J., who dissents on the ground that the affidavit on the appeal was sufficient for reasons stated by the Appellate Division. Judge Bartlett agrees with the opinion as to the obligation resting upon the Magistrate to preserve and return the evidence taken before him.

Judgment accordingly.