(63 App. Div. 142.)

PEOPLE ex rel. COMMISSIONERS OF PUBLIC CHARITIES OF THE CITY OF NEW YORK et al. v. BENSON.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. CRIMINAL LAW—APPEAL—RECORD—ALLEGATION OF ERROR IN FACT—CONVICTION BEFORE MAGISTRATES.
    Under Code Cr. Proc. § 750, allowing appeals from magistrates for an erroneous decision of law or fact on the trial, where the affidavit of appeal shows that the error assigned was as to the sufficiency of the evidence to warrant the conviction, the failure of the magistrate to return the evidence will entitle defendant to a reversal.

2. SAME—FAILURE OF SUPPORT—FAMILY.
    Consol. Act, § 1455, continued in force by Charter City of New York, § 1610, declares every person guilty of wife abandonment a disorderly person. Section 1456 provides that, in case of conviction of such person as a disorderly person, the magistrate shall order a certain sum paid weekly by defendant for the support of his family. Code Cr. Proc. § 861, prevents a defendant who has executed an undertaking to obey an order of filiation made in pursuance of such conviction from appealing, except from that part of the order which fixes the family allowance. Section 764 provides that on appeal the court must give judgment which the court below should have rendered, and may affirm or reverse the judgment, order a new trial, or modify the sentence. Defendant, on conviction as a disorderly person, gave bond for the payment of family allowance fixed by the magistrate, and appealed, assigning error in that part of the order fixing the allowance. The magistrate failed to return the evidence with the appeal. Held, that the conviction would be reversed, the evidence being essential to review the propriety of the order.

Appeal from court of general sessions, New York county.

Morris Benson was convicted as a disorderly person. From an order affirming the conviction, and ordering him to pay three dollars per week for the support of his wife and children, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Rudolph Marks, for appellant.
Adrian T. Kiernan, for respondent.

INGRAHAM, J. The appellant was arrested under a warrant of a magistrate, upon an affidavit of his wife alleging that he had abandoned her without adequate support, and upon a hearing the magistrate found the appellant guilty, and required him to pay for the support of his wife and children the sum of three dollars per week for the period of one year. In pursuance of this order, the appellant gave a bond as required by the statute. This bond

was executed on the 15th of March, 1900. On the 21st of March, 1900, the appellant presented an affidavit setting forth his arrest and conviction, and alleging that the order of the magistrate was erroneous in various particulars. The second allegation of error was "that the charge of the abandonment against me was not proven"; and the sixth, "that the decision is against the law and weight of evidence." The magistrate made a return in which he failed to return the evidence taken before him, and it seems to have been conceded by counsel that the evidence taken before the magistrate was not reduced to writing and preserved by him.

To secure the allowance of an appeal from the determination of a city magistrate, the defendant, or some one on his behalf, must within 60 days after the judgment, or within 60 days after the commitment, where the appeal is from the latter, make an affidavit showing the alleged errors in the proceeding or conviction or commitment complained of, and must within that time present it to a justice of the supreme court in the city and county of New York, or to the recorder or judge authorized to hold a court of general sessions in that city, and apply thereon for the allowance of the appeal (Code Cr. Proc. § 751); and it has been held that the error to be relied upon on appeal must be specified in the affidavit upon which the appeal was allowed, or it will not be considered in the appellate court (People v. McGann, 43 Hun, 57). Here, as the assignment of error in the affidavit was that the charge of abandonment was not proven, and that the decision was against the law and the weight of evidence, the question on appeal would be whether the judgment or order of the magistrate was sustained by the evidence taken before him, and this required the magistrate to return to the court the evidence. Where the error pointed out in the affidavit is as to a question of fact, and the magistrate in consequence of his neglect to take down the evidence has failed to return it, so that the appellate court can determine whether or not the charge was proven, it is the duty of the court to set aside the conviction, and order a new trial. People v. Giles, 12 App. Div. 495, 42 N. Y. Supp. 749; Id., 152 N. Y. 136, 46 N. E. 326. In this case the court of appeals held that the errors relied upon must be pointed out in the affidavit upon which the appeal is allowed; that, under section 750 of the Code of Criminal Procedure, an appeal may be allowed for an erroneous decision or determination of law or fact upon the trial; and when the error relied upon, pointed out in the affidavit upon which the appeal is allowed, is the determination of a question of fact, the magistrate must return the evidence, so that the appellate court can determine whether or not the question of fact was correctly decided by the magistrate.

Here one of the errors assigned in the affidavit being an erroneous determination of the question of fact, it was the duty of the magistrate to return the evidence, and his failure to do so would require a reversal of the order if the appellant is justified in raising that question on this appeal. Upon the return, however, it appears that before this affidavit was presented to the recorder of the city of New York, and leave to appeal granted, the defendant had given the

bond required by the magistrate. By section 861 of the Code of Criminal Procedure, which is by section 1456 of the consolidation act made to apply to the enforcement of an order made in this proceeding, it is provided:

"A person deeming himself aggrieved by the order of two magistrates, made pursuant to the last chapter, may appeal therefrom to the next term of the county court of the county; except that a person who has executed an undertaking to obey an order of filiation, and indemnify the public, as provided in section eight hundred and fifty-one, cannot appeal from any other part of the order mentioned in section eight hundred and fifty, than that which fixes the weekly or other allowance to be paid."

By section 850 it is provided that upon the hearing the magistrate must determine who is the father of the bastard, and must proceed to discharge the defendant if he is not the father, and to require him to pay a sum, weekly or otherwise, if he is the father, for the support of the bastard. There were two questions to be determined,—one as to whether the defendant was the father of the bastard, and, if so, the sum which he must pay for its support. By section 861 of the Code of Criminal Procedure, where the defendant had given an undertaking to obey the order, he could only appeal from that part of the order which fixed the weekly or other allowance to be paid; and it is claimed by the respondent that no appeal would lie where a bond had been given from that part of the order convicting the defendant of being the father of the bastard. By section 1455 of the consolidation act, continued in force by section 1610 of the charter of the city of New York, "every person who shall threaten to abandon, or who shall have actually abandoned his family, wife or child, in the city of New York, without adequate support, or in danger of becoming a burden upon the public, or who may neglect to provide, according to his means, for his family, or any member of said family, is hereby declared a disorderly person"; and by section 1456 of the consolidation act (chapter 410, Laws 1882) it is provided that, "in case of the conviction of any such person as a disorderly person, the magistrate convicting shall make an order specifying a certain sum to be paid to the commissioners of charities and correction of said city, weekly, for and towards the support of the family of said defendant."

Here the magistrate has first to determine whether the defendant is a disorderly person, within the meaning of section 1455 of the act, and then to make an order for the payment of a sum, to be fixed, for the support of the wife or family of the defendant; and by section 861 of the Code of Criminal Procedure, where the defendant has executed an undertaking to obey the order, he cannot appeal from any other part of the order mentioned in section 850 than that which fixes the family or other allowance. If, under these provisions, the defendant, having given the bond or undertaking required by the magistrate for the payment of three dollars weekly for the support of his wife, could not appeal from any part of the order of the magistrate except the order fixing the amount to be paid, no appeal would lie from his conviction as a disorderly person by the magistrate.

The defendant, however, by his fifth assignment of error, alleges "that the order and commitment herein is invalid and void in that it does not provide for the alternative of giving security as required by section 686 of the Greater New York charter, and in that it is ordered that bond be in the sum of one hundred and fifty-six ($156) dollars, and pay three dollars per week for the support of wife and children." Here is a direct assignment of error in that part of the order which fixes the weekly allowance to be paid by the defendant, and he is therefore entitled to have the action of the magistrate fixing the sum of three dollars per week reviewed by the court of general sessions. By section 689 of the charter of the city of New York (chapter 378, Laws 1897), an appeal is allowed from a conviction before a city magistrate to the court of general sessions, and it is provided that said appeal shall be conducted under and in accordance with the provisions of the Code of Criminal Procedure of the state of New York, except that the notice required to be served upon the district attorney upon such appeal shall be served upon the commissioner for the borough in which the conviction from which such appeal is taken was had. To determine upon appeal the propriety of the order fixing the amount of three dollars weekly, the evidence before the magistrate was essential, and, as the magistrate has not returned such testimony, the conviction cannot stand. By section 764 of the Code of Criminal Procedure, it is provided that after hearing the appeal the court must give judgment which the court below should have rendered, or "may, according to the justice of the case, affirm or reverse the judgment, in whole or in part, as to all or any of the defendants," or may order a new trial, or may modify the sentence. As we have not the evidence before the magistrate, it is impossible upon this appeal either to affirm or modify the judgment. We are constrained, therefore, to reverse the judgment, and order a new trial before the magistrate.

The order appealed from should therefore be reversed, and a new trial ordered before the magistrate, and, under section 689 of the charter of the city of New York, this reversal must be with $30 costs and disbursements to the defendant. All concur.