THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALEX FELTMAN, Defendant.

County Court, Schenectady County, December 1, 1933.

*Thomas W. Wallace, District Attorney* [*Hannibal Pardi, Second Assistant District Attorney,* of counsel], for the People.

*Irving Feltman,* for the defendant.

LIDDLE, J. The defendant was tried in Justice's Court, town of Niskayuna, Schenectady county, before a justice with a jury and convicted of the charge of reckless driving under section 58 of the Vehicle and Traffic Law of the State of New York, and fined fifty dollars. From this conviction and judgment the defendant appeals.

Upon the affidavit of appeal defendant asks for a reversal upon various grounds, all of which are denied except one. The affidavit on appeal states that the verdict of conviction is contrary: *First*, to the weight of evidence, and *second*, is unsupported by legal evidence as required in a criminal case. The justice before whom the trial was had, according to the return as set forth in the record, did not keep minutes of the testimony or reduce the testimony of the witnesses to writing upon the trial and none are affixed to the return.

The absence of a stipulation or agreement to relieve a magistrate of the duty of reducing to writing the testimony on which a judgment of conviction is based, is ground for reversal and such stipulation or agreement must be unequivocal and evidenced in writing signed by the parties or a stipulation in open court placed upon the record. (See *People* v. *Farinelli*, 94 Misc. 139.)

As above referred to, the appellate court is unable to review the testimony because none is embodied on the return; the appellate court is, therefore, unable to determine whether the conviction is contrary to the weight of evidence or unsupported by legal evidence. In *People* v. *Hines* (57 App. Div. 419), Judge McLAUGHLIN in writing an opinion states: " It cannot be that the Legislature intended that a magistrate should be invested with power to deprive a citizen of his liberty without keeping any record of the evidence upon which the judgment is based. If one can be deprived of his liberty this way, then it does not require a vivid imagination to see how insecure personal liberty is. * * * When one is deprived either of his property or his liberty, the court depriving him of it must have record evidence justifying the action taken, which can be produced when called for, in order that a review may be had by an appellate tribunal."

This same principle is also to be found in *People* v. *Giles* (152 N. Y. 136).

It follows that the judgment of conviction appealed from must be reversed and new trial ordered.