THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MYRON NAPIORKOWSKI, Appellant.

County Court, Schenectady County, December 31, 1949.

*William M. Nicoll, District Attorney (Emmet J. Lynch of counsel), for respondent.*

*Samuel Levy for appellant.*

LIDDLE, J. From an examination of the return of the Police Justice, dated the 30th day of November, 1949, it appears that the defendant-appellant was tried before the Police Magistrate

and a jury on the 17th day of November, 1945, upon the charge of a violation of section 974 of the Penal Law of the State of New York, namely, having possession of policy slips. After trial the jury found the defendant guilty as charged and on November 23, 1945, the Police Magistrate sentenced the defendant to sixty days in the Schenectady County Jail.

Thereafter and on the 23d day of November, 1945, as appears by an affidavit of counsel for the defendant, sworn to the 7th day of December, 1949, the affidavit on behalf of an appeal was served on the then clerk of the Police Court and a duplicate copy served upon William M. Nicoll, District Attorney of said county, on the 24th day of November, 1945. Further it appears that on the 23d day of November, 1945, an application for bail on behalf of the defendant was made to this court, whereupon this court, pursuant to section 753 of the Code of Criminal Procedure, allowed the defendant to be released from custody by depositing the sum of $500 cash bail with the Schenectady County Treasurer and ordered the discharge of the defendant from custody.

Since the 23d day of November, 1945, no further proceedings have been had upon said appeal until November 15, 1949, when the same was moved for argument, at which time it appeared that no return from the Police Court had been made, whereupon the appellate court granted an order, pursuant to section 757 of the Code of Criminal Procedure, compelling the Police Magistrate to file a return. It appears that there was a substantial delay in bringing this appeal on for argument. (See Code Crim. Pro., §§ 759, 760.)

From an examination of the return on appeal it appears that this court is confronted with a most unusual condition, as follows: That the information, warrant, exhibits and affidavit on appeal are lost and cannot be found in the records of the Police Magistrate and further, that a substitute stenographer took the minutes of the trial and that they likewise have either been lost or destroyed and cannot be made a part of such return.

The only documentary records of the return consist of the record of conviction, which is under the hand of the clerk of said court and is dated the 23d day of November, 1945, and a certificate from the criminal docket of the Police Justice setting forth certain preliminary facts and then the following and I quote: " 1945–11–17 Jury Trial — Verdict Guilty as charged. Sentence deferred to Nov. 21st, 9 A.M. Sentence

deferred to Nov. 23rd. Sentence 60 days County Jail. Comm.''
From such proceeding defendant appeals.

Upon an adjourned day of the argument on this appeal before this court it was found that there was no affidavit on appeal before the court, whereupon the court permitted counsel for the defendant and upon consent of the District Attorney, to file with the clerk of the court, in the interest of substantial justice, a copy of the affidavit on appeal, together with an affidavit of counsel for the defendant, that said affidavit on appeal was filed. Upon an examination of this affidavit on appeal, sworn to by the defendant on the 23d day of November, 1945, the defendant raised no question with reference to the jurisdiction of the Police Court to entertain the proceeding. Neither does it attack the validity of the information charging the defendant-appellant with a violation of section 974 of the Penal Law. The affidavit on appeal does, however, allege among other things that the testimony of the People's witnesses was insufficient as a matter of law to establish the guilt of the defendant-appellant beyond a reasonable doubt. Further, that the testimony received upon the trial was incompetent; that the policy slips were illegally obtained by the arresting officers and that the officers made an illegal arrest, and further that the sentence of the court was harsh and excessive and that there were such substantial errors committed upon the trial to prejudice the rights of the defendant.

In view of this unusual situation this court offers this recommendation to the Legislature of the State of New York; that section 751 of the Code of Criminal Procedure, which applies to the practice of the manner in which appeals from Magistrates' Courts may be taken should be amended requiring that an affidavit on appeal be not only filed with the clerk or magistrate of the Magistrates' Court or Police Court and that a copy be served on the District Attorney but that in addition thereto a certified copy of the affidavit on appeal be filed with the clerk of the appellate court.

It was argued upon this appeal, in view of this situation, that this court should reverse the conviction and discharge the defendant on the grounds of double jeopardy. This reasoning cannot be followed, if for no other reason than the court of original jurisdiction was none other than the Police Court of the City of Schenectady and the defendant's rights have not, we trust, been placed in double jeopardy upon this appeal at this time.

It might well follow that the documents as heretofore referred to which are lost or destroyed, may be found, or, in the event that they are lost, the records may be supplied by following further procedure as set forth in rule 14 of the Rules of Civil Practice, together with section 392 of the Code of Criminal Procedure. (See *People* v. *Burgess,* 244 N. Y. 472.)

On this appeal this court is confronted with the conceded fact that the testimony taken upon the trial is either lost or destroyed.

It is a settled practice that on appeals from conviction of Courts of Special Sessions and Police Courts and Magistrates' Courts, only such errors will be considered as are specified in the affidavit upon which the appeal is allowed. (See *People* v. *Scherno,* 140 App. Div. 95.)

This court is unable to determine the alleged errors as alleged in the affidavit of return for the reason that it clearly appears that the stenographic minutes of the proceedings on the trial have been lost or destroyed beyond any hope of ever being recovered. This circumstance is most unfortunate to all concerned. For a proper review of the present case, the testimony is vital. Without such testimony the court has no choice but to reverse the judgment of conviction and order a new trial or such other proceedings as may be proper in the court of original jurisdiction. (See *People* v. *Feltman,* 149 Misc. 633; *People* v. *Haag,* 7 N. Y. S. 2d 159; *City of New York* v. *Wasserman,* 196 N. Y. S. 325, and *People* v. *Giles,* 152 N. Y. 136.)

Judgment of conviction reversed and new trial ordered and bail at proper time remitted. Submit order.