Burke, J.
Defendant was convicted of assault in the third degree after a jury trial in the City Court of Buffalo. He commenced an appeal to the Supreme Court, Erie County (see Buffalo City Court Act, § 76, as amd. by L. 1951, ch. 653), by filing a notice and affidavit of appeal with the clerk of the City Court and serving copies thereof upon the District Attorney. Thereafter, defendant moved in the Supreme Court for an order requiring that a transcript of the minutes of the trial proceedings be made available to him without charge, inasmuch as the estimated cost to the defendant of $450 would be prohibitive in light of his financial circumstances. Affidavits submitted in his behalf averred that defendant was totally without funds. An accompanying attorney’s affidavit alleged that the conviction was contrary to the weight of evidence and that prejudicial errors had been committed by the trial court.
In response the District Attorney argued that defendant had served no return upon him as required by section 761 of the Code of Criminal Procedure; that by virtue of section 49 of the *548 Buffalo City Court Act an appellant who requires a return of the evidence must pay for it in advance at the rate stipulated in the act, and that the Code of Criminal. Procedure contains no provision for appeals in forma pauperis. Defendant’s motion was denied.
Subsequently, the People moved in the Supreme Court to have the return served upon the District Attorney or, in default of such service, to dismiss the appeal. On the return date of this motion defendant renewed his earlier request that the court order that a copy of the trial minutes be made available to him without the imposition of fees in order to make it possible for him to serve the necessary return upon the District Attorney. After argument the court granted the People’s motion to dismiss, thereby reaffirming its earlier decision that the defendant could not be exempted from the fee requirement contained in section 49 of the Buffalo City Court Act. The appeal is taken from that order.
The statutory provisions pertinent here can be briefly described.
As pointed out by the People, section 761 of the Code of Criminal Procedure provides that in an appeal from a court of special sessions in a county outside the city of New York the appellant must serve upon the District Attorney a copy of the return with or before the notice of argument. Failure to comply renders the appeal dismissible.
By the language of section 756 of the code, the Buffalo City Court, as a court of special sessions outside the city of New York, is obligated to make a return to all the matters stated in the affidavit of appeal and to cause the return to be filed in the office of the county clerk within 10 days after service of the affidavit. The return contemplated by this section and by section 761 is a report sufficiently informative and comprehensive to permit the appellate court to review the error or errors assigned. Accordingly, where the claim is that the evidence adduced did not warrant a conviction, as was here contended, the return perforce would include the evidence on the trial. (People v. Giles, 152 N. Y. 136, 139-141; see People v. Cittrola, 213 App. Div. 674.) Express provision is made for enforcement of the obligation created by section 756 in the section following it. Section 757 states that if a return is not timely made the county court (here the Supreme Court sat as the *549 appellate court) or a judge thereof may order that such a return be made within a reasonable time.
Under the circumstances, the dismissal of defendant’s appeal, flowing in fact from his inability, due to indigence, to serve the necessary return upon the District Attorney, amounted to a denial of constitutional rights and as such an error of law.
Our State has always regarded the right to appellate review in criminal matters an integral part of our judicial system and treated it as such. Since long before the Supreme Court’s pronouncement (Griffin v. Illinois, 351 U. S. 12), it has been the consistent policy of our courts to preserve and promote that right as an effective, if imperfect, safeguard against impropriety or error in the trial of causes. This policy has been particularly manifest on a number of occasions where the failure to provide sufficiently comprehensive reports of the proceedings at the initial stage of litigation threatened to render nugatory the right to appeal (People v. Giles, 152 N. Y. 136, 138-140, supra; People v. Schenkel, 256 N. Y. 539; People v. Wilkins, 281 N. Y. 224, 225; People v. Cittrola, 213 App. Div. 674, 676-677, supra; People v. Hines, 57 App. Div. 419). In the instances cited the lower courts had failed to make and preserve an adequate record of the proceedings at the trial level. Unequivocally and with emphasis upon the importance and fundamental nature of the right to appellate review, the courts on each occasion held that the making of such a record and its availability to defendant-appellant were absolute requisites and concomitants of the right to review and that adequate returns would have to be made by the lower courts and defendant granted access to them though this requirement was not expressly mandated by the pertinent statute (People v. Giles, supra, p. 139) and though the expense of preparing such a record might fall upon the Trial Judge himself (People v. Schenkel, supra).
It is a facile and logical progression, one that would have been made even without the assistance of constitutional pronouncements, from the principle underlying the above-cited cases to the decision required here. However, now this decision is for the most part made for us, not alone as a matter of our own public policy, but as one of constitutional necessity.
By virtue of section 761 it is a condition precedent to review of the defendant’s conviction that a return be served upon the *550 District Attorney. Because of the errors claimed, that return would have to contain the evidence adduced on the trial. Defendant is financially unable to purchase a verbatim copy of the minutes. Therefore, without the opportunity at least of viewing a transcript of the minutes free of charge and making his own copy or copies necessary for the return, it would be impossible for defendant to perfect his appeal. Here, apparently because of the presence of the fee requirement stated in the Buffalo City Court Act, no return has been made by the trial court or placed on file at the county clerk’s office as required by section 756. As a result defendant has been prevented from prosecuting his appeal.
The United States Supreme Court has held that the failure to afford both indigent and financially competent defendants the same right and ability to an effective review, where the State has seen fit to grant the right of appellate review, is a violation of both the equal protection and due process clauses of the Federal Constitution (Griffin v. Illinois, 351 U. S. 12, supra). According to that decision a procedure that would permit review to a person able to afford the price of a transcript but deny it to one whose lack of financial means makes it impossible to obtain the necessary papers, constitutes an unlawful discrimination against the latter and deprives him due process of law. Be the crime a misdemeanor as here, or a more grave offense, the determinative factor is the same. The disparity of treatment, occasioned only by differing financial situations, deprives the indigent defendant the fair and equal treatment guaranteed, him by the Constitution.
Plainly, the element of discrimination present and decisive in the Griffin case (supra) is equally present here. Defendant in the case at bar was deprived a right to appeal solely because of a financial inability to procure or prepare the necessary papers. This is repugnant both to our own public policy and to the judicially declared constitutional requirements.
It remains only to prescribe the relief required to render effective defendant’s review. In this regard we are left, in large measure, to our own discretion, for while the United States Supreme Court enunciated the general principle that a defendant in a criminal case is not to be denied an adequate review because of indigence, it by no means assumed to direct the precise method or procedure by which the right is to be effectuated. The determination remains for the State “ within *551 the wide area of its constitutional discretion ” (Griffin v. Illinois, 351 U. S. 12, 24, supra).
In the premises the relief necessary can be afforded without undue disruption of the statutory scheme of procedure now in effect. As conceded by defendant, if the return had been made by the trial court and placed on file at the county clerk’s office pursuant to section 756, defendant would have been afforded his constitutional rights (cf. People v. Kalan, 2 N Y 2d 278). The return has not been made or filed because section 49 of the Buffalo City Court Act has been deemed a condition precedent. We hold that insofar as section 49 is construed to compel payment of a fee, which because of defendant’s poverty is prohibitive, as a requirement precedent to the making of a return under section 756, that statute must be deemed ineffectual as vitiative of constitutional rights. It follows that the City Court must make the return required by sections 756 and 757 and cause it to be filed with the county clerk without charge to the defendant.
Finally, respondent contends that defendant never explicitly requested the court below to compel the making of the return under section 757. Suffice it to say that as we view the proceedings below, defendant’s papers and prayers for relief were couched in sufficiently broad terms to be considered a demand for the disposition here deemed appropriate, particularly in light of the high rank of the right involved.
Accordingly, the order of the Supreme Court, Erie County, should be reversed and the matter remitted to that court for further proceedings not inconsistent with this opinion.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel and Van Voorhis concur.
Order reversed, etc.