Edward M. 0’Gorman, J.
This is a motion by the defendant for an order directing the delivery to him of a copy of the stenographic minutes of defendant’s trial without cost, and for certain other relief.
The defendant was originally indicted for murder in the second degree. He was convicted of manslaughter in the first degree, and is now serving an indeterminate term in Sing Sing prison, from which conviction and sentence he has been granted leave to appeal by the Appellate Division as a poor person, without the necessity of filing a printed record.
Defendant was and now is represented by Henry Hirschberg, Esq., of Newburgh, New York. Mr. Hirschberg states, and it is nowhere disputed, that he has not received any compensation for his services, because the defendant is totally without funds, and that he has further been required to make substantial out-of-pocket expenditures which were necessarily incurred in preparation for trial and thereafter up to the time of the present application.
It is further conceded that the defendant has no available funds with which to defray any of the further expense of his appeal, and that Mr. Hirschberg is continuing to serve as a volunteer in lieu of court-assigned counsel. For this reason, for the purposes of this application, he will be regarded as standing in the same relationship to the case as if he were assigned counsel.
It is contended, on behalf of the People, that the original minutes of the trial having been filed in the County Clerk’s office pursuant to the requirements of section 456 of the Code of Criminal Procedure, the trial court has no power to require that a copy of those minutes be furnished to the defendant.
Defendant’s moving affidavits indicate that the defendant is at present in prison and unable personally to inspect the filed minutes; that it would be a great hardship on his attorney to undertake the difficult task of making copies of the minutes, or the extracts thereof which he deems pertinent, at the County Clerk’s office. It is pointed out that this task would require considerable expense and time, and a 40-mile round trip for *268 each visit from the attorney’s office to the place in which the minutes are filed.
On the argument of the motion, the defendant placed considerable reliance on the decisions of the United States Supreme Court in Griffin v. Illinois (351 U. S. 12) and the decision of the New York Court of Appeals in People v. Pride (3 NY 2d 545).
The Griffin case and the Pride case decide that if the defendant’s right to appeal is defeated by his financial inability to procure a copy of the stenographic record of his appeal, the defendant has been discriminated against in an unconstitutional manner.
The case at bar differs from the Griffin case and from the Pride case in that a transcript of the minutes of defendant’s trial has been filed in the Orange County Clerk’s office, and the right of the defendant to appeal has not been defeated by the failure to file the record. For this reason, the court is not of the opinion that either of these cases requires the granting of the relief sought in this case.
On the other hand, the present application does raise the question of the inability of the defendant to make effective use of the right which has been afforded him, and to what extent, if any, the trial court has power to furnish the means necessary to the defendant to obtain as effective an appellate review of his case as can be obtained by a defendant with means.
It is urged, on behalf of the People, that section 308 of the Code of Criminal Procedure specifies cases involving the death penalty as being the only cases in which a copy of the stenographic minutes can be furnished to an indigent defendant without cost. It is argued that since the present case is not one referred to in section 308, there is no power in the trial court to furnish the minutes of the trial to the defendant without cost. While this view has been adopted in at least one case, People v. Raymondi (180 Misc. 973) we do not agree with the conclusion that has been reached. Prior to the provision in section 308 for payment for stenographic minutes, and in the absence of any legislative provision on the subject, an indigent defendant in a first degree murder case sought a copy of the stenographic minutes in order to prepare his appeal, and the relief was granted (People v. Willett, 1 How. Prac. [N. S.] 196), the court stating: “ No reason is seen why the principle of furnishing to counsel assigned to defend a prisoner the means he requires properly to discharge the work to which he has been assigned is not applicable to the present motion. * * * A denial of this motion would therefore be a denial in fact of his right to make the proper defense. Such a result is incompatible with an. *269 enlightened administration of justice, and of the policy of recent legislation in regard to capital cases.” (Pp. 197, 198.)
This decision is clearly based on the concept that the court has inherent power to grant the relief sought in a proper case, as an incident to the duty of the court to provide the defendant in a criminal case with the effective means to obtain ultimate justice. Section 308 of the Code of Criminal Procedure later made the exercise of this power mandatory in a first degree murder case, but did not necessarily deprive the courts of their inherent powers in other cases. We hold that there is inherent power in the court to furnish all the means that are necessary to afford the defendant the right to an effective appellate review, and a fair opportunity to exercise that right.
While the result of the Pride case establishes the right of the defendant to appeal, and holds that he cannot be deprived of this right because of his lack of financial ability, the following inspiring language in the opinion points the way to the goals toward which our system of justice is constantly striving: 1 ‘ Unequivocally and with emphasis upon the importance and fundamental nature of the right to appellate review, the courts on each occasion held that the making of such a record and its availability (italics supplied) to defendant-appellant were absolute requisites and concomitants of the right to review ’ (People v. Pride, 3 N Y 2d 545, 549, supra.)
The issue in the present case is the availability of the record to the defendant. Technically, the record as filed in the County Clerk’s office is available to the defendant. As a practical matter, because of defendant’s incarceration and because of his lack of funds, this record is still beyond his reach. In referring to the Griffin case, the Court of Appeals (People v. Pride, supra, p. 550) has stated: “ The United States Supreme Court has held that the failure to afford both indigent and financially competent defendants the same right and ability (italics supplied) to an effective review, where the State has seen fit to grant the right of appellate review, is a violation of both the equal protection and due process clauses of the Federal Constitution ”.
In view of the foregoing, although the question of the right of a defendant to an appellate review is not involved in this application, it is the court’s opinion that the trial court has the discretionary power to furnish a copy of the stenographic record to an indigent defendant in a criminal case without cost, so that the defendant will have the ability as well as the right to take his appeal.
*270 Having reached this conclusion, it is obvious that there are limited conditions under which the power should be exercised. In our view, the exercise of the power should be limited to a case in which there is satisfactory proof that the defendant is completely without funds; that the defendant’s attorney has not been and will not be compensated in any way for the services which he has rendered; and that the Appellate Division shall have granted leave to the defendant to appeal as a poor person.
Even where these conditions exist, the relief should be granted only where there are substantial questions involved in the appeal which the court feels should be reviewed by the appellate court, and where the record cannot be made available to the defendant in any other way than at public expense.
The present application meets the foregoing tests. Defendant’s moving papers indicate the extent of the economic burden which would be placed upon his counsel in order to obtain a copy of the trial minutes. In the majority opinion in People v. Breslin (4 N Y 2d 73) the Court of Appeals has indicated its concern with the economic burden which is placed on those assigned to defend indigent defendants.
The application is granted, and the court will direct that the Clerk of the County of Orange procure at the expense of the county one copy of the transcript of the stenographic minutes of the trial, and that the same be delivered to the counsel for the defendant.
The other relief applied for is hereby denied.
Submit order.