Lafayette W. Argetsinger, Jr., J.
This is an appeal by the defendant-appellant from a conviction for violation of subdivision 3 of section 56 of the Vehicle and Traffic Law of the State of New York, following trial before Justice of the Peace Robert Beattie, Town of Hector, Schuyler County, on June 9, 1959.
In the brief submitted by counsel for the defendant-appellant it is argued that defendant-appellant was originally charged with traveling at 60 miles per hour and the State Trooper testified at the trial that he was traveling at 70 miles per hour. According to the return of the Justice of the Peace, the State Trooper testified that it is customary to allow 10 miles an hour *860 leeway. There is no testimony to the effect that the defendant-appellant was not traveling at the speed of 70 miles an hour. Unless the speed limit at the point of clocking defendant’s car was greater than 50 miles per hour it is clear -from the evidence that this defendant was exceeding the legal speed limit. According to the return of the Justice of the Peace there was evidence to the effect that there are no signs at the point of arrest allowing a greater speed than 50 miles an hour.
Defendant-appellant also raises the question of the accuracy of the State Police car speedometer in that it had not been calibrated within several months of the trial. However, it appears from the return of the Justice of the Peace that the testimony shows that it was again calibrated on the day of the trial and found to be accurate. It appears to me that this is satisfactory and sufficient evidence of the accuracy of the speedometer at the time of the arrest.
It is also argued by the defendant-appellant that the Justice of the Peace on two occasions before the decision of “ Guilty ” was rendered, requested to see his license and did examine it. The Justice of the Peace denies having examined the license before holding the defendant-appellant guilty as charged and states that the defendant-appellant voluntarily came to his home on the day after arrest and voluntarily told the Justice of the Peace that he might lose his license if convicted, voluntarily stating that he had been convicted before and offering to prove his statements by showing the marks on his license. It would be reversible error if the Justice of the Peace required the defendant-appellant to show him his license before conviction but I fail to see where defendant-appellant’s rights have been prejudiced in this case since the defendant-appellant voluntarily went to the home of the Justice of the Peace on the day after arrest and voluntarily, without being asked, stated that he had previous convictions and might lose his license.
Finally it is argued that since no stenographic record was made of the minutes and testimony at the trial and only a summary thereof was included in the return of the Justice of the Peace, this court is not in a position to determine the credibility and weight to be given to “conflicting” testimony where it is briefly summarized in narrative form and not set forth verbatim, reciting the case of People v. Woodward (2 Misc 2d 26) a Cattaraugus County Court decision. While this court is not bound by that decision, it is in full accord with it. However, in the instant case there is no “conflicting” testimony. (See, also, People v. Benson, 63 App. Div. 142 [1st Dept., 1901].)
*861 The court is satisfied that this defendant-appellant had a fair trial and can find no grounds for disturbing the judgment and sentence of the lower court.
The judgment and sentence of the lower court is hereby affirmed in all respects.
Let an order issue accordingly.