Chandler S. Knight, J.
The defendant has appealed from a judgment of conviction for speeding on the New York State Thruway, after a trial in Justices’ Court [Court of Special Sessions] in the Town of Root [Florence Rocklin, J.], on the 10th day of January, 1959.
The defendant appealed from the judgment by filing an affidavit of errors.
The return on appeal filed by the Justice does not contain the minutes of the trial or a record of the evidence upon which the judgment is based. A Trial Judge is charged with a duty to keep proper minutes at the trial. (People v. Schenkel, 256 N. Y. 539.)
One convicted of a crime should not be deprived of his rights to prosecute an appeal because a Justice cannot produce minutes of the trial. The charge of speeding is criminal in nature, if not in fact.
This proceeding was had for the purpose of obtaining a judgment, the punishment for which might deprive the defendant of the privilege of driving a motor vehicle. In every trial, especially upon a charge of a crime, or one criminal in its nature, it is the duty of the Magistrate, before whom the trial was had, to reduce to writing the evidence, the objections to the evidence and the rulings of the court. That this should be done is essential to the rights of the defendant, otherwise, it would be impossible to have a review of his conviction and sentence.
*411 The Legislature never intended that a Magistrate should be invested with power to deprive a citizen of his liberty or property without keeping any record of the evidence upon which the judgment is based. When one is deprived, either of his liberty or property, the court depriving him of it must have a record of the evidence, and that evidence must be contained in the Magistrate’s return on appeal in order that a review may be had by an appellate court.
The Court of Appeals in People v. Giles (152 N. Y. 136, 140) said: “ Our magistrates are invested with important powers. Many offenses of a criminal nature may be summarily tried and disposed of by them. Their determinations, in many instances, involve the liberties and property of citizens. To permit them to exercise these important powers, without keeping any minutes or records of the testimony upon which their determinations can be reviewed, would be contrary to public policy, and would be investing them with autocratic powers greater than those possessed by any other officer of the government. We think that the legislature never intended to invest them with such powers; that it is their duty to keep, or have kept under their direction, minutes of the testimony taken upon trials, to the end that their determinations as to the facts may he reviewed upon appeal.”
There can be no excuse for failure to keep proper minutes of the trial. The State Comptroller in Opinion No. 58-1060 made on January 8, 1959 (14 Op. St. Comp., 1958, p. 442) said: “ The town may provide a stenographer for the justice court (Town Law, § 27 [1]). In such instance, the cost is a town charge (7 Op. St. Compt. 163 [1951]). When the town has not engaged stenographic help or appropriated funds for the hiring of stenographers when needed, the justice may engage the stenographer himself, in which case the cost is borne by the justice ” (p. 443).
In the same opinion the Comptroller said: “ A justice court must furnish transcripts of its proceedings on appeal. It is the responsibility of the justice court to see that such proceedings are properly transcribed ” (p. 444).
The alternative is for the Justice to take in longhand the questions, answers, objections and rulings, had upon the trial, or, upon the consent and stipulation of the defendant, the testimony may be taken in narrative form.
This appeal is based on the contention that the evidence is not sufficient to prove the guilt of the defendant beyond a reasonable doubt and that errors of law were made by the Justice to which objections were made by the defendant. How *412 can those contentions be reviewed by this court without a transcript of the minutes of the trial? The answer is obvious. The determination as to the facts and the law cannot be reviewed unless the Justice file a return containing the evidence and his rulings. A defendant will not be deprived of the right to appeal because the trial court failed to keep and file minutes of the trial.
When the return does not contain the testimony and rulings of the court, it is impossible for the appellate court to pass on the legality of the conviction, and the judgment must be reversed.
There is no need to consider the other errors contended by the defendant.
For the reasons stated, the conviction of the defendant is reversed, the information dismissed, and the defendant discharged, the fine remitted and the record of conviction removed from the defendant’s license.