Liston F. Coon, J.
Appeal has been taken by the defendant from a conviction after trial in the Court of Special Sessions, Town of Cayuta, in connection with an alleged violation of section 1111 of the Vehicle and Traffic Law.
*871 In defendant’s affidavit of errors and npon oral argument of the appeal, numerous allegations of errors of law were raised as well as questions of fact going to the weight and sufficiency of the evidence.
From the very face of the return made by the Justice, however, these questions need not be decided. The conviction cannot stand as following words appear in the return, “No recorded minutes were taken during the trial.”
No conviction can stand where it is impossible for the appellate court to determine the facts and the law in the lower court. The Justice has an absolute duty to keep, or have kept, minutes of the testimony upon a trial. (People v. Wilkins, 281 N. Y. 224; People v. Schenkel, 256 N. Y. 539.)
There is no excuse for the failure of the Justice Court to keep minutes. There is ample authority for a town to supply stenographic help for Justice Courts (14 Op. St. Comp., 1958, p. 442) and to expend town funds therefor (7 Op. St. Comp., 1951, p. 163). In the alternative the Justice may himself take the minutes in longhand. (People v. Wiltse, 28 Misc 2d 410.)
This State has within the past few years embarked upon and brought to fruition a vast reorganization of our judicial systems. Our courts are entering upon an enlightened era of judicial administration and practice. Magistrates of the lower courts have duties and responsibilities, no greater and no less, than those of the higher courts.
As the Court of Appeals said in People v. Giles (152 N. Y. 136, 140): “ Our magistrates are invested with important powers * # #. To permit them to exercise these important powers, without keeping any minutes or records of the testimony upon which their determinations can be reviewed, would be contrary to public policy, and would be investing them with autocratic powers greater than those possessed by any other officer of the government.”
It is also to be noted in this case that the Justice of the Peace failed to file his return within the prescribed time and was compelled to do so by this court pursuant to section 757 of the Code of Criminal Procedure.
Based upon the law and without consideration of the findings of facts below and as justice of the case dictates, defendant’s conviction is ordered reversed, the information dismissed, the imposed fine remitted and the record of conviction removed from the defendant’s license.