Jerome B. E. Wolff, J.
This is an appeal from a judgment of conviction rendered after a trial in the Court of Special Sessions in the Town of Sodus, Wayne 'County, New York, before the Honorable Arthur Sermon, Justice of the Peace for the alleged violation of section 1182 (L. 1960, ch. 934, § 3) of the Vehicle and Traffic Law.
The defendant’s affidavit of errors presents numerous allegations of errors of law and the introduction of improper evidence.
At the trial, a tape recorder was used for the testimony and proceedings. Pour State Police officers testified in the People’s case, but the tape recorder ceased to function after the first witness testified. The transcript on the appeal was taken from the tape and has only the testimony of the first witness and the preliminary questions and answers of the second witness. The return and the notes of the trial made by the Justice and filed on this appeal contain conclusive statements of the Justice as to his opinions. The notes are a resume of the trial, but do not contain any specific evidence or questions and answers or rulings upon which this court can evaluate the testimony or determine any errors of law as presented by the affidavit of errors.
Section 756 of the Code of Criminal Procedure mandates the filing of a return by a Justice of the Peace in reply to an affidavit on appeal as to all matters stated in the affidavit. In order to comply with section 756 of the Code of Criminal Procedure, the Justice must have the minutes of trial, that is, the testimony and motions made therein in order to prepare a proper return. He must also furnish to the appellate court records of the testimony and rulings in order that the appellate court may properly decide the case on the facts and the law.
The keeping of minutes or records of the testimony of trials held in the Magistrates’ Courts has been mandated in the decision of the Court of Appeals in People v. Giles (152 N. Y. 136, 140) wherein it was stated: “We think that the legislature never intended to invest them with such powers; that it is their *872 duty to keep, or have kept under their direction, minutes of the testimony taken upon trials, to the end that their determinations as to the facts may be reviewed upon appeal.”
The use of a tape recorder and its cost has been sanctioned by the State Comptroller in his opinion (7 Op. St. Comp. 1951,163). Its use, however, in the opinion of this court, is limited as an aid in preparing a proper transcript of the proceeding. The stipulation or waiver by the defendant as to its employment at the trial is not binding upon the defendant as to the preparation of a proper return and minutes by the Magistrate. ‘ ‘ The trial judge was charged with a duty to keep proper minutes of the trial.” (People v. Schenkel, 256 N. Y. 539.)
If the testimony of the witnesses, the motions and the rulings made in the proceeding are not kept verbatim, the appellate court cannot pass on the legality of the conviction, but it will not deprive a defendant of his right to appeal wherein the conviction is criminal in nature.
The conviction of the defendant is hereby reversed, the information dismissed, the fine remitted and the conviction expunged from the defendant’s license. Submit order.