Ormand N. Gale, J.
On October 9,1963 the defendant moved to vacate a conviction in Justices’ Court in the Town of Cicero (Stewart E. DeVaul, J. P.) by reason of two grounds: 1st. The appellant’s attorney was not presented with the required return by the Justice of the Peace, and 2nd. He had been unable to obtain a copy of the trial transcript although duly demanded and paid for. .
Subsequently and on November 12, 1963, this court decided that the filing of the return would necessitate the Justice obtaining the transcript and that the appellant’s remedy was to proceed pursuant to section 757 of the Code of Criminal Procedure to compel the Justice’s return.
*143 It has now been brought to the attention of this court by a letter from the Justice of the Peace that although minutes of the original proceedings were taken, the stenographer did not transcribe them and has subsequently resigned her position and left the country so that the Justice of the Peace has no transcript. Since this situation makes it impossible for him to submit a return, the Justice concedes that the judgment of conviction should be reversed.
The Court of Appeals in People v. Giles (152 N. Y. 136) stated that there was a duty on the part of a Magistrate to reduce to writing and preserve testimony since the right to review the facts on appeal necessitates the preservation of evidence.
Although the ease at bar is distinguishable from People v. Newhart (37 Misc 2d 870) in that minutes were taken so that the Justice was not remiss in his duty, the same reasoning applies in that here also “it is impossible for the appellate court to determine the facts and the law in the lower court” because of the absence of recorded minutes for review. Therefore, the motion to vacate the judgment of conviction is granted.
Order accordingly.