William P. Christiana, J.
Defendant appeals from a judgment of conviction rendered in the Court of Special Sessions of the Town of Kinderhoolc, after trial, for a violation of subdivision (a) of section 1120 of the Vehicle and Traffic Law. After finding defendant guilty, the court imposed a fine which was paid.
The affidavit of errors recites, inter alia-. “ The return is illegible and does not accurately reflect the events of the trial. Repeated objections were made during the trooper’s testimony to conclusory and incompetent evidence offered by the trooper. The return reflects neither the objections made nor the rulings thereon and defendant’s rights have not been preserved by the record.”
No stenographic record of the minutes of the trial were kept. While the Code of Criminal Procedure does not mandate that a stenographic record be made, the inescapable fact is that without such a record, it is practically impossible for an appellate court to pass upon wliat actually transpired in the trial court with any degree of accuracy.
Here, the only record is the Justice’s longhand notes. While this court entertains no doubt that these represent a conscientious effort to summarize the proceedings, the fact remains that they are insufficient for a reviewing court to render a judgment on appeal. They do not reflect how the evidence was developed, whether such evidence was competent or incompetent, what objections were taken to the testimony nor the rulings of the court thereon. Neither do they contain the decision of the court on motions made during the course of the trial.
*742 Defendant appellant, on this appeal, seeks a review of these items and this court is, unable to comply on the return submitted. The law (Code Grim. Pro., § 756) directs the Justice of the Peace to return an answer as to all items raised in the affidavit of errors. This return falls far short of the statutory mandate. In brief, the record presented is not of such a nature that a determination of “the facts may be reviewed upon appeal ”. (See People v. Giles, 152 N. Y. 136, 140; People v. Gardner, 39 Misc 2d 870; People v. Saalfield, 14 N Y 2d 915.)
The underlying mischief in situations of this kind is that the Justice of the Peace frequently is called upon to act as Judge, Court Clerk, and stenographer. With all due respect to the versatility of our Justices of the Peace, of whose legion afflictions I am not unmindful, it is beyond dispute that no man can adequately serve in a triple capacity at the same time. For this reason, it is earnestly recommended that in all cases where testimony is taken, a complete stenographic record be kept in the Courts of Special Sessions. An incomplete record serves no more useful purpose on appeal than no record at all.
Based on what is before me, I am compelled to find that the return of the Justice of the Peace is inadequate to uphold a conviction beyond a reasonable doubt.
The judgment of conviction is reversed on the law and on the facts, the information dismissed, the fine remitted and the conviction expunged from defendant’s operator’s license.