Edward M. O ’Gorman, J.
The defendant was convicted in the Justices’ Court of the Town of Blooming Grove, after a trial on the 13th day of October, 1965, on an information charging him with the violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law by operating his motor vehicle at a speed of 73 miles an hour in a 60 miles an hour zone, and was fined the sum of $15. From this conviction and fine the defendant now appeals.
An examination of so much of the trial record as has been submitted on this appeal fails to reveal any error on the part of the Trial Justice which would justify disturbing the judgment.
One of the contentions of the defendant is that the judgment should be set aside and the information dismissed on the ground that a portion of the evidence admitted at the trial is no longer available for consideration on this appeal. On the trial, the arresting officer testified that at the time of defendant’s arrest, the speeds of various motor vehicles, including the defendant’s, passing through the zone of observation of an electromatic radar speed meter, were being recorded continuously on a paper roll by a graphic recorder. On cross-examination, the officer was questioned as to the significance of certain markings on this tape, which markings allegedly were made as a result of the passage of defendant’s motor vehicle through the zone under observation. He was specifically examined as to whether or not particular markings could have been made by two motor vehicles going through the zone simultaneously, rather than indicating that the defendant’s motor vehicle had gone through the zone at an excessive rate of speed.
*407 The State Police officer, testifying as an expert, gave his opinion as to the proper interpretation to be given to the specific markings on the graph to which his attention had been called. The officer was interrogated as to each of these marks, and counsel had the portions of the radar tape on which the marks were made marked “Defendant’s Exhibit A ”, “ Defendant’s Exhibit B ” and “ Defendant’s Exhibit C ” in evidence. A fourth marking was similarly marked ‘ ‘ Defendant’s Exhibit D ’ ’.
It is these separately marked items on the tape of the graphic recorder which are not now available for consideration along with the rest of the evidence in the case.
The tape contained many other markings which were not pertinent to the issue being tried.
The defendant, in pursuing his remedies to compel the submission of a further return, has established that the Justice of the Peace Pas no additional exhibits in his possession which have not heretofore been returned to this court, and that the tape in question has never been in the possession of the defendant or the District Attorney. Nothing before the court indicates what has happened to the tape in question.
The record, however, discloses that the responsibility for the fact that the tape is not before the court may well lie with the defendant himself. The State Police officer at one point testified as follows:
1 ‘ trooper sohroeder : This tape that was used on this day is the one I present now before this Court. This red mark here (indicating) is the mark that I observed made by the defendant’s vehicle travelling westbound on Route 17, when it came into and out of my zone of influence. At this time I noted the mark and I wrote next to it the words “ white compact Chrysler Dodge Dart ”, I also wrote the wording “ headlights on, driving lane, 73, at 6:23 listed speed 73 miles an hour at 6:23 p.m. and the plate SC 1823. At this time I would like to enter into Court the particular mark and the writing I put down next to this mark as People’s Exhibit #1, the defendant’s vehicle as it passed through my radar unit. (The above-described portion of the radar tape was marked People’s Exhibit #1.)
“mb. oppenheim: I have no objection to the roll being received. I think it would be improper to receive merely that mark, but that —■ —
“ trooper sohroeder: Your Honor, I am not placing the roll in evidence. I am placing the mark of the defendant’s vehicle.
“ mb. oppenheim : 1 can’t object to this mark indication, this being the roll of the vehicles. Whether it is or is not the *408 vehicle of the defendant is one thing your Honor will have to determine. (Italics supplied).
‘ ‘ the court : He is only offering this one.
“ trooper schroeder: Your Honor, the State has no further questions for Trooper Schroeder.”
Apparently, while portions of the tape were marked by the respective parties and exhibited to the Trial Judge in connection with their testimony, the entire tape, which was a continuous recording, was never placed in evidence, nor was the same left with either of the parties or the Justice of the Peace as part of the record of the trial.
In view of the fact that this question was raised during the trial, it would seem that the defendant must share in the responsibility for the failure of the graph tape to be preserved among the exhibits.
However, apart from the question of the responsibility for the failure to preserve the items in question as part of the record, it would seem that this case does not fall within the general category of those in which an incomplete return is submitted by the Trial Justice. Generally speaking, unless all pertinent evidence is available to the reviewing court, a judgment of conviction from which an appeal is taken will not be permitted to stand. (See People v. Broadbent, 20 Misc 2d 547; People v. Newhart, 37 Misc 2d 870.)
This case, however, presents a different question. In the absence of expert testimony, the markings on this graph tape would be unintelligible. Even if this were not so, the court would not be entitled to substitute its interpretation of the markings on the graph for that of the expert witnesses at the trial. The testimony of the State Police officer, who used this instrument and who testified as to his special knowledge of its operation and his training in its use and his training in the evaluation of its recorded data, was all before the Trial Justice and has all been presented to this court for review. The actual graph tape would only be pertinent once again if the case should be sent back for a retrial, but unless there is a necessity for a retrial on some other ground, the absence of the graph would seem no longer to be significant.
In our opinion, there is no other ground for the retrial of this case, and therefore the defendant cannot be prejudiced by the failure of the court to have before it the actual markings on the radar graph. The judgment of conviction is affirmed.