Sheldon F. Wiokes, J.
This is an appeal from a judgment of conviction in the Village Court of the Village of Saranac Lake, Essex County, New York (Irving M. Edelberg, Village Justice) convicting the defendant of the traffic infraction, failing to keep right, in violation of section 1131 of the Vehicle and Traffic Law.*
The only ground for reversal of this conviction urged upon the argument of this appeal and in the letter-briefs submitted by counsel for the defendant-appellant is the alleged failure of the Trial Justice to keep or cause to he kept a verbatim stenographic record of all proceedings including the testimony hy question and answer of each witness. It does not appear that the defendant or his attorney demanded or requested that such a record he kept prior to or during the trial.
*28 The Village Justice’s return states that he “ took minutes of the testimony in writing The substance of the testimony of each witness on both direct and cross-examination is clearly set forth in narrative form and in considerable detail in the return. The return also shows a motion for dismissal at the end of the People’s case and the denial of that motion.
These minutes of the trial including the testimony given are more than sufficient to enable an appellate court to pass on the legality of this conviction.
In my opinion, the minutes of the trial kept by the Justice and included in the return are sufficient to satisfy the requirement stated in People v. Saalfield (14 N Y 2d 915, 917); in People v. Giles (152 N. Y. 136, 140) and in People v. Wilkins (281N. Y. 224, 225).
The facts in this case are quite different from the facts in the following cases cited by the appellant:
In the Schenkel case (256 N. Y. 539) the judgment of the County Court which affirmed a conviction was reversed and the case remitted to the trial court for a new return because the original return insufficiently stated the evidence upon which the conviction was obtained. A stenographic record of the trial was kept but not incorporated in the return.
In the Gardner case (39 Misc 2d 870) the tape recorder ceased to function after the first of four witnesses for the People testified. The notes of the Justice contained conclusive statements of the Justice as to his opinions. The notes did not contain any specific evidence or questions and answers or rulings upon which the appellate court could evaluate the testimony or determine any errors presented by the affidavit of errors.
In the Sherman case (46 Misc 2d 741) the County Court held that the Justice’s long hand notes contained in the return were insufficient to enable a reviewing court to render a judgment on appeal and did not contain the decisions of the court on motions made during the trial.
In the Feltman case (149 Misc. 633) the Justice kept no minutes.
In the Benson case (142 App. Div. 142) no evidence was included in the return.
In the Woodard case (2 Mise 2d 26) only a brief summary of the testimony was kept by the Justice. The testimony was not reduced to writing.
This court is well aware of the desirability of the taking and keeping of verbatim stenographic record of every trial and proceeding. It strongly recommends such a practice when practical *29 and particularly when it is demanded or requested prior to the commencement of the trial.
However, it knows of no law or reported decision which mandates such a practice in every case — particularly in minor traffic infraction cases. The adoption of such a law or rule would work an undue hardship and expense in rural communities where no qualified stenographer or recording device is readily available.
The judgment of conviction is affirmed.

 The infraction and conviction were prior to October 1, 1968, the effective date of chapter 522 of the Laws of 1968 which repealed section 1131 of the Vehicle and Traffic Law.