(57 App. Div. 419.)

PEOPLE v. HINES.

(Supreme Court, Appellate Division, First Department. January 25, 1901.)

CRIMINAL LAW—FAILURE OF MAGISTRATE TO REDUCE TESTIMONY TO WRITING.
    Failure of a magistrate to reduce to writing the testimony taken on which a conviction is had is ground for reversal; Code Cr. Proc. § 204, subd. 5, under which a magistrate is required to reduce the testimony to writing only when a demand is made, having reference to proceedings had on preliminary examination, which may result either in the commitment of accused to await the action of the grand jury or in his discharge, and not to cases finally disposed of by the magistrate.

    Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from special term.

Charles W. Hines was convicted of vagrancy, and he appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Louis Lowenstein, for appellant.
Charles Le Barbier, for the People.

McLAUGHLIN, J. The defendant was tried and convicted of the crime of vagrancy, and sentenced to be imprisoned in the city prison of the city of New York for the term of six months. From this judgment he appealed to the court of general sessions of the city of New York; where the judgment was affirmed, and from the order and judgment of affirmance he has appealed to this court. He asks for a reversal of the judgment (1) because it is unsupported by evidence; (2) because the magistrate before whom the trial was had failed to keep the minutes of testimony; (3) because the evidence was insufficient to warrant a judgment of conviction; (4) because incompetent, irrelevant, and immaterial evidence was admitted upon the trial.

The magistrate before whom the trial was had, according to the return as set out in the record before us, did not keep any minutes of the testimony taken upon the trial. In the return he states, "I do hereby further certify that no testimony was reduced to writing, except the papers which are herewith included in this return;" and the only papers included in the return are the information upon which the warrant was issued, and the formal statement of the defendant to the effect that he was not guilty of the charge. The only error alleged, therefore,—inasmuch as the minutes of the trial are not returned,—which can be considered by us, is the second one; and as to this the question seems to have been disposed of in People v. Giles, 12 App. Div. 496, 42 N. Y. Supp. 749. The same question was there presented and determined, and this court held that, where a magistrate fails to reduce to writing the testimony taken upon which the conviction is had, that fact, in and of itself, is a sufficient ground for a reversal of the judgment. But it is urged by the respondent that a magistrate now is only required, in the city of New York, to reduce testimony to writing when a demand to that effect is made either by the district attorney or the defendant; and, as authority for that suggestion, our attention is called to subdivision 5 of section 204 of the Code of Criminal Procedure. But this same suggestion was made in People v. Giles when that case was before this court, and a conclusion reached adversely to the present contention. Mr. Justice Rumsey, in delivering the opinion, said:

"It is said, however, that the magistrate was only required to reduce this testimony to writing when a demand to that effect was made either by the district attorney or the defendant, and as authority for that proposition is cited section 204 of the Code of Criminal Procedure. That section is part 4 of the Code of Criminal Procedure, which treats of the proceedings in criminal actions prosecuted by indictment. It is in that special part of part 4 which prescribes the proceedings to be had upon the preliminary examination which may result either in the commitment of the defendant to await the action of the grand jury or in his discharge. The proceeding which is the subject of examination here is regulated, so far as it is regulated at all by statute, by part 5 of the Code of Criminal Procedure, which treats of proceedings in courts of special sessions and police courts, and which also contain regulations regarding proceedings before police magistrates. The direc-

tions contained in part 4 for the regulation of proceedings in criminal actions prosecuted by indictment do not apply to the proceedings mentioned in part 5 of the Code of Criminal Procedure, unless they are made so to apply by special provision of the statute. People v. Cook, 45 Hun, 34. Therefore section 204, referring as it does only to preliminary examinations, in no way affects the duty of the magistrate in proceedings had under section 291 of the Penal Code, which are regulated, as we have seen, by part 5 of the Code of Criminal Procedure. All these proceedings in part 5, including this particular one, may result in a judgment detaining the defendant or subjecting him to a fine. They therefore necessarily and finally dispose of the rights of the person who is brought before the magistrate, and a proper protection of those rights requires that the evidence taken before the magistrate, and which he holds is sufficient to warrant his action in depriving the defendant of his liberty, should be reduced to writing, so that upon an appeal the correctness of his conclusion may be examined."

It is true that upon appeal the conclusion of this court was reversed. People v. Giles, 152 N. Y. 136, 46 N. E. 326. But it was reversed only upon the ground that the affidavit upon which the appeal was allowed did not contain an allegation to the effect that the judgment of the magistrate was unsupported by evidence, and for that reason it was unnecessary to return the evidence. But that court approved of the conclusion of this court, so far as such approval may be gathered from the opinion delivered, that in a criminal case it is error sufficient to call for the reversal of a judgment of conviction if the magistrate did not keep the minutes upon which the judgment of conviction was given. Judge Haight, in delivering the opinion, said:

"Our magistrates are invested with important powers. Many offenses of a criminal nature may be tried and summarily disposed of by them. Their determinations in many instances involve the liberties and properties of citizens. To permit them to exercise these important powers without keeping any minutes or records of the testimony upon which their determination can be reviewed would be contrary to public policy, and would be investing them with autocratic powers greater than those possessed by any other officer of the government."

It cannot be that the legislature intended that a magistrate should be invested with power to deprive a citizen of his liberty without keeping any record of the evidence upon which the judgment is based. If one can be deprived of his liberty in this way, then it does not require a vivid imagination to see how insecure personal liberty is. But this is not the law, and public policy forbids that it should be. When one is deprived either of his property or his liberty, the court depriving him of it must have record evidence justifying the action taken, which can be produced when called for, in order that a review may be had by an appellate tribunal.

It follows that the judgment and order appealed from must be reversed, and the case must be remitted to the court of general sessions, with directions to order a new trial, which should be had in that court according to law.

RUMSEY and PATTERSON, JJ., concur. VAN BRUNT, P. J., and O'BRIEN, J., dissent.