(94 Misc. Rep. 139)

### PEOPLE v. FARINELLI.

#### (Ulster County Court. February, 1916.)

1. CRIMINAL LAW ☜1129(6)—APPEAL—ASSIGNMENTS OF ERROR—EFFECT.
    A statement, under the assignments of error in a criminal case, that the evidence of defendant and his witnesses proved him not guilty, that the evidence of the people and of the other witnesses was insufficient to authorize the conviction, and that the judgment is contrary to the evidence, and the facts are insufficient in law to warrant the judgment, is a sufficient allegation that the judgment was unsupported by the evidence, to bring the case within the rule authorizing reversal on failure of a magistrate to reduce to writing the testimony on which he rendered judgment of conviction, where assignments of error require review of the evidence.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2963; Dec. Dig. ☜1129(6).]

2. CRIMINAL LAW ☜1087(3)—APPEAL—RECORD—EVIDENCE.
    An agreement by counsel, to relieve a magistrate of the duty of reducing to writing the testimony on which a judgment of conviction is based, must be unequivocal and evidenced by a writing signed by the parties, or a stipulation in open court, and the appellate court should require a full statement of the acts and words from which a magistrate determines that such an agreement was made.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2794; Dec. Dig. ☜1087(3).]

Joseph Farinelli was convicted of assault in the third degree, and appeals. Reversed, and new trial ordered.

N. Frank O'Reilly, of Kingston, for appellant.
Frederick Stephan, Jr., of Kingston, for the People.

JENKINS, J. The police justice returns the testimony of the complainant and his wife, or at least sufficient thereof, uncontradicted and unexplained, to warrant the conviction of the defendant, the testimony of a superintendent of road construction as to the disputed location of certain trees, and then states:

"The following witnesses were sworn in behalf of defendant: Ned Spinosa, Harry Krom, C. Farinelli, Alvin Fields, Joseph Farinelli. The evidence was not taken upon the minutes. The counsel agreed or consented to this omission."

[1] The words or acts constituting such agreement or consent are not returned. Among the assignments of errors upon which the ap-

peal herein was allowed is a statement that the evidence produced on the part of the defendant and his witnesses proved him not guilty of the crime charged and of which he was convicted; that the evidence of the people and the evidence of the other witnesses was insufficient to authorize the judgment; that the judgment is contrary to the evidence and the facts are insufficient in law to warrant the judgment. This is sufficient allegation that the judgment was unsupported by the evidence to bring the case within the rule that failure of a magistrate to reduce to writing the testimony upon which he rendered judgment of conviction is of itself sufficient ground for reversal, if the affidavit assigning errors, read upon allowance of an appeal, states that the judgment is unsupported by the evidence, and hence makes a review of the evidence necessary on appeal. People v. Giles, 152 N. Y. 136, 46 N. E. 326; People v. Hines, 57 App. Div. 419, 68 N. Y. Supp. 276; People v. Benson, 63 App. Div. 142, 71 N. Y. Supp. 274; People v. Collins, 162 App. Div. 932, 147 N. Y. Supp. 1133. It is said in People v. Giles, supra:

"Our magistrates are invested with important powers. Many offenses of a criminal nature may be summarily tried and disposed of by them. Their determinations, in many instances, involve the liberties and property of citizens. To permit them to exercise these important powers, without keeping any minutes or records of the testimony upon which their determinations can be reviewed, would be contrary to public policy, and would be investing them with autocratic powers greater than those possessed by any other officer of the government. We think that the Legislature never intended to invest them with such powers; that it is their duty to keep, or have kept under their direction, minutes of the testimony taken upon trials, to the end that their determinations as to the facts may be reviewed upon appeal."

In People v. Hines it is said:

"When one is deprived either of his property or of his liberty, the court depriving him of it must have record evidence justifying the action taken, which can be produced when called for, in order that a review may be had by an appellate tribunal."

[2] It is argued that the appellant agreed or consented that the magistrate be relieved from taking down the evidence. If such an agreement is authorized and binding its terms should be unequivocal and should be evidenced by a writing signed by the parties, or a stipulation made in open court. The appellate court should require a full statement of the acts and words from which a magistrate concludes that such an agreement was made. The appellate court might put a different construction than the magistrate on the acts and words returned as an agreement or consent. While the sentence is light, nevertheless, a conviction stands against the defendant which is not supported by record evidence. The learned magistrate recognizes the force of the rule requiring the preservation of the evidence and returns that the omission was by agreement or consent.

Probably the parties assured the magistrate that no appeal would be taken from his decision and, to save time, acquiesced in the omission; but this case is not one in which to indulge in probabilities to sustain a conviction. The omission is no reflection upon the police justice

whose reputaton for carefulness and learning in the exercise of the duties of his office is recognized by courts called upon to review his decisions. Following the cases herein referred to, the judgment of conviction is reversed, and a new trial ordered in the County Court.

Judgment reversed, and new trial ordered.