THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VITO CITTROLA, Appellant.

First Department, May 15, 1925.

Crimes — trial — carrying animals in cruel manner in violation of Penal Law, § 189 — defendant pleaded not guilty — record shows no testimony — Code of Criminal Procedure, §§ 199, 200 and 204, not complied with — conviction reversed.

A conviction of the defendant for carrying animals in a cruel and inhuman manner in violation of section 189 of the Penal Law, by a Court of Special Sessions of the City of New York, held by a city magistrate, will be reversed, since it appears that the defendant pleaded not guilty and there is nothing in the record to show that any testimony was taken, or that the provisions of sections 199, 200 and 204 of the Code of Criminal Procedure, relating to the taking of the testimony, were complied with.

APPEAL by the defendant, Vito Cittrola, from a judgment of a Court of Special Sessions of the City of New York, held by a city magistrate under the provisions of article III-A of the Inferior Criminal Courts Act of the City of New York,* rendered on the 31st day of August, 1922, convicting him of carrying animals in a cruel and inhuman manner in violation of section 189 of the Penal Law.

*Joseph T. Ryan* [*Eugene A. Donohue* with him on the brief], for the appellant.

*Joab H. Banton,* District Attorney [*Michael J. Driscoll,* Deputy Assistant District Attorney, of counsel], for the respondent.

---

* See Laws of 1910, chap. 659, § 43, subd. b, as added by Laws of 1915, chap. 531.— [REP.

MARTIN, J.:

The defendant was arrested and placed on trial in the Magistrate's Court of the City of New York, Borough of Manhattan, Third District, on an affidavit verified August 31, 1922, charging him with carrying animals in a cruel and inhuman manner, a misdemeanor under section 189 of the Penal Law. He was required to plead; and his plea was "not guilty."

The commitment states that a trial was had on August 31, 1922, before a city magistrate, holding a Court of Special Sessions, and that on the same day defendant was found guilty and sentenced to the workhouse for twenty days. Thereafter he was granted a certificate of reasonable doubt and was admitted to bail in the sum of $500 pending the hearing and final determination of an appeal to this court.

The papers in this case do not disclose that any testimony was taken upon the trial or that any stenographic report of the hearing was made. Nowhere does it appear that any witnesses were called on behalf of the People or that the defendant was permitted to take the stand and testify in his own defense. He was not represented by counsel upon the trial and the commitment shows no answer to the question, " Do you require counsel? " Although it is stated that the defendant pleaded " not guilty " and that the trial began and ended on August 31, 1922, nowhere in the record or in the papers on file does it appear that there was any evidence adduced on the trial or that the defendant was afforded his day in court. The stenographer is unable to produce any minutes of the trial, though the magistrate is firm in his belief that they were taken.

Section 199 of the Code of Criminal Procedure provides that " The answer of the defendant to each of the questions must be distinctly read to him as it is taken down. He may thereupon correct or add to his answer, and it must be corrected until it is made conformable to what he declares to be the truth."

Under section 200 all statements must be reduced to writing, by the magistrate or at his direction; and it provides a method for authenticating them.

Section 204 of the Code of Criminal Procedure requires that the testimony given by each witness be reduced to writing as a deposition, by the magistrate or under his direction, and authenticated as therein provided.

By the provisions of the Code of Criminal Procedure and of the Inferior Criminal Courts Act of the City of New York it is provided that a record of the testimony must be made in order that an appeal may be taken to review the decision of a magistrate

sitting as *a* Court of Special Sessions of the City of New York. (See Code Crim. Proc. §§ 220, 221, 221-b, 517 *et seq.*, 746, 756; Inf. Crim. Cts. Act of City of New York [Laws of 1910, chap. 659], § 40; Id. § 43, subd. b, and §§ 44–46, as respectively added by Laws of 1915, chap. 531. See, also, Laws of 1925, chap. 615, since amdg. Inf. Crim. Cts. Act, § 40.)

One convicted of a crime shall not be deprived of his rights to prosecute an appeal because the stenographer cannot produce the minutes of the trial.

In *People* v. *Giles* (12 App. Div. 495) this court held it to be the duty of a magistrate to keep minutes of a trial so that the correctness of his findings might be reviewed, and it is said (p. 498): " Why the testimony taken before the magistrate was not reduced to writing we are unable to conceive. This proceeding was had under the statute, for the purpose of obtaining a judgment which should deprive the parents of these children and of their right to control them, and commit them to the care of a society; and the propriety of doing that was based upon charges, criminal in their nature, which it was the duty of the complainant to establish by proof before a judgment of commitment could be rendered. In every trial, whether summary or not, especially when the charge upon which the defendant is tried is criminal in its nature, it is the duty of the court or magistrate before whom the trial is had to reduce the evidence to writing. That this should be done is essential to the rights of the parties who are put upon their trial and who may possibly be convicted by the judgment; otherwise it would be impossible for them in any case to have a review of their conviction and sentence."

In the same case the Court of Appeals (152 N. Y. 136, 140) said: " Our magistrates are invested with important powers. Many offenses of a criminal nature may be summarily tried and disposed of by them. Their determinations, in many instances, involve the liberties and property of citizens. To permit them to exercise these important powers, without keeping any minutes or records of the testimony upon which their determinations can be reviewed, would be contrary to public policy, and would be investing them with autocratic powers greater than those possessed by any other officer of the government. We think that the Legislature never intended to invest them with such powers; that it is their duty to keep, or have kept under their direction, minutes of the testimony taken upon trials, to the end that their determinations as to the facts may be reviewed upon appeal."

In *People* v. *Hines* (57 App. Div. 419) the court said (p. 421): " It cannot be that the Legislature intended that a magistrate

should be invested with power to deprive a citizen of his liberty without keeping any record of the evidence upon which the judgment is based. If one can be deprived of his liberty in this way, then it does not require a vivid imagination to see how insecure personal liberty is. But this is not the law, and public policy forbids that it should be. When one is deprived either of his property or his liberty, the court depriving him of it must have record evidence justifying the action taken, which can be produced when called for, in order that a review may be had by an appellate tribunal."

The judgment should, therefore, be reversed and a new trial ordered.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Judgment reversed and new trial ordered. Settle order on notice.