THE PEOPLE OF THE STATE OF NEW YORK, on Complaint of JOHN BERRY, Respondent, *v.* COUNTESS MARYLA DEWILKOWSKA, Appellant.

First Department, February 14, 1936.

*Melvin J. Bogart,* for the appellant.

*Erwin N. Schapira, Deputy Assistant District Attorney,* of counsel [*Felix C. Benvenga, Assistant District Attorney,* with him on the brief; *William Copeland Dodge, District Attorney*], for the respondent.

McAvoy, J. The court stenographer who took the testimony in this case died, and it thereupon became impossible to obtain a transcript.

On November 6, 1935, leave was granted by this court to have the appeal heard upon an agreed statement of fact, or, in the alternative, upon the failure of the parties to so agree, to have the appeal heard upon the original record constituting the judgment roll.

The parties have been unable to agree upon a statement of fact.

The taking of an appeal by a defendant from a judgment of conviction is a matter of right. Where, however, it is impossible to obtain a transcript of the testimony taken upon the trial the defendant obviously becomes foreclosed from having an appellate court review the evidence or rulings of the trial court. This, in effect, amounts to a deprivation of the right to which defendant is entitled.

The facts in the case of *People* v. *Cittrola* (213 App. Div. 674) appear to be on all fours with those here presented.

In reversing the judgment of conviction in the *Cittrola* case, the court ordered a new trial.

In all similar cases that have arisen in this jurisdiction, new trials were ordered in each instance. (See *People* v. *Strollo,* 191 N. Y. 42, 65–67, which discusses this subject.)

The judgment of conviction should be reversed and a new trial ordered.

Martin, P. J., O'Malley, Townley and Glennon, JJ., concur.

Judgment reversed and a new trial ordered.