THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DEXTER C. BEASLEY, Appellant.

County Court, Otsego County, December 30, 1953.

*Hector B. Giacobbe* for appellant.

*Richard J. Bookout, District Attorney,* for respondent.

Loomis, J. The defendant herein has been convicted after a trial in a court of Special Sessions in the Town of Worcester, Otsego County, New York, of operating a motor vehicle in excess of fifty miles per hour in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law of the State of New York.

From such conviction the defendant appeals, alleging among other things (1) that error was committed in that the Justice excluded evidence of two character witnesses whom the defendant sought to have sworn and (2) that the Justice who heard the case was biased and prejudiced and took into consideration other circumstances within his knowledge which were not proper evidence on this trial.

The affidavit of the Justice which is a part of his return denies some of the statements contained in the affidavit of appeal and sets forth a summary of the testimony of the witnesses called by the People and the defense.

A number of serious issues are raised on this appeal concerning the evidence or offers to submit evidence, the rulings thereon and the general conduct of the trial. Although supplemental affidavits were filed with the court, our courts have held that on such appeal, the appellate court is confined to a consideration of the affidavit on appeal and the return of the Justice.

This court has spent considerable time examining the papers herein and after such examination is unable to intelligently arrive at any conclusion as to whether or not any of the defendant's rights were violated. The minutes of the proceedings submitted with the return are obviously summaries of the Justice's recollection of the testimony made some time following the actual giving of the testimony. There is nothing in such summaries from which this court on appeal is able to establish whether there was anything indicating prejudice or bias on the part of the court, or whether testimony offered by the defendant was improperly excluded.

Our courts have uniformly held that it is the duty of the magistrates and those who have the power to summarily try and dispose of cases to keep, or have kept under their direction, minutes of the testimony taken upon trials to the end that their determinations may be reviewed upon appeal. (See *People* v. *Giles,* 152 N. Y. 136.)

It has also been said that "When one is deprived either of his property or his liberty, the court depriving him of it must have record evidence justifying the action taken, which can be produced when called for, in order that a review may be had by an appellate tribunal." (See *People* v. *Hines,* 57 App. Div. 419, 422.)

It may be said that it is too much to expect that a justice of the peace be required to keep stenographic minutes of a trial involving a simple motor vehicle infraction. Nevertheless, the penalties even for the charge of speeding are substantial, a first conviction being subject to a fine not exceeding $100 or by imprisonment for not exceeding thirty days or by both. The penalties increase substantially for second and third convictions of such offenses within a period of eighteen months, and indeed a third conviction within such period results in a mandatory revocation of the license of the operator. Any of these penalties are substantial even though the offense is not deemed a crime. It is the opinion of this court that even though the charge be designated simply as an infraction or an offense, a defendant is entitled to all of the rights which the law gives to him and our courts must be as zealous to protect his liberty and his property in these cases as they are in cases involving more serious charges.

This court does not mean to infer that in all cases involving traffic infractions, or offenses, verbatim stenographic minutes must be kept, but there should be at least a sufficient record kept so that the questions which are raised on appeal may be properly determined.

As stated above, it is impossible to determine the issues raised from the record which is before the court. There is some doubt in the mind of this court concerning whether the defendant was accorded all the rights to which he was entitled. Under these circumstances, the judgment of conviction is reversed, the fine is remitted and the information is dismissed.

Submit order.