THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH LOMOSO, Appellant.

First Department, October 5, 1954.

*Joseph Lomoso*, appellant in person.

*Frank S. Hogan, District Attorney* (*Charles W. Manning* of counsel), for respondent.

*Per Curiam.* The defendant appeals from a judgment rendered after a trial convicting him of the crime of robbery in the first degree. He is presently serving a sentence of not less than ten years nor more than eleven years.

The defendant is not represented by counsel and the District Attorney with commendable fairness has directed our attention to a problem arising from the fact that a portion of the verbatim testimony is missing. The Code of Criminal Procedure requires the judgment roll on appeal to include an accurate transcript of " the stenographic minutes of the entire proceedings of the trial ". (Code Crim. Pro., § 456; see, also, § 485, subd. 4.)

The trial commenced on February 19, 1953, and was continued on February 20th, 24th and 25th. The case was submitted to the jury at 1:45 in the afternoon of February 25th. The jury returned at 6:45 P.M. " to have certain testimony read ". At 12:30 on the following morning the jury returned a verdict of not guilty of felonies charged in three counts of the indictment, disagreement as to a fourth count charging the commission of another robbery and guilty of a single count of robbery in the first degree.

There appears in the transcript of testimony the following notation: " The stenographic notes of the afternoon session of February 20, 1953 having been mislaid, the court stenographer is furnishing a verbatim copy of the notes of the Presiding Judge which are as follows ". The notes of a trial judge of necessity are condensed and in this case occupy three pages of the record. By way of contrast the transcript of testimony given at the morning session of the same day fills eighty-one pages.

The missing testimony was of importance. During this afternoon session three detectives were called by the People and a fourth detective was recalled for cross-examination. One of the detectives was a shorthand reporter who testified as to questions asked of the defendant in a line-up and answers made by him. Moreover, the defendant had an alleged accomplice, one Geary, who was not on trial but was present in the line-up. It is impossible to tell from the notes of the trial judge if the police stenographer was permitted to read to the jury the questions asked and answers made by Geary, the accomplice, in the line-up. The notes read " excludes Geary's questions and answers. Court permits Q & A of Geary * * * Cross-Examination: Witness states number of questions and answers." It is to be noted that the minutes of the Judge do not contain even an abstract of the facts contained in the question and

answer statements of Geary and the defendant as read by the detective.

It is impossible to ascertain what objections, if any, were made by defense counsel during the afternoon session. Sufficient can be gleaned from the notes to determine that important testimony was given by the detectives as to oral admissions made by the defendant. No written statement was made by the defendant. The defendant testified and denied his participation in the robberies. Moreover, the fact cannot be overlooked that the jury deliberated for about eleven hours and then acquitted as to another separate charge of robbery and disagreed as to a third charge of robbery.

We are troubled by the unexplained absence of the stenographer's notes. Great care should at all times be exercised in preserving stenographers' minutes. It would seem that something more in the way of an explanation should have been furnished in addition to stating they had been "mislaid". This implies only a temporary misplacement as distinguished from a loss of the notes. We recognize that occasionally there may be absent from a record an insignificant portion. It is another matter, however, when we are asked to pass upon an appeal when the testimony of an entire afternoon of the trial is missing from the record. The error is even more grievous when we are unable to tell from the record supplied exactly what occurred as to a vital portion of the case.

In *People* v. *Hines* (57 App. Div. 419, 422), this court said that "[w]hen one is deprived either of his property or his liberty, the court depriving him of it must have record evidence justifying the action taken, which can be produced when called for, in order that a review may be had by an appellate tribunal". (See, also, *People* v. *Cittrola,* 213 App. Div. 674, and *People* v. *De Wilkowska,* 246 App. Div. 285.) While these decisions considered a situation where there were no stenographic minutes, we conclude that the omission of a vital extensive portion of the minutes not adequately replaced by the notes of the trial judge, in equal manner forecloses the defendant from having this court review all of the evidence and the rulings of the trial court. This deprived the defendant of a right to which he was entitled.

The judgment appealed from should be reversed and a new trial ordered.

COHN, J. P., CALLAHAN, BREITEL, BASTOW and BOTEIN, JJ., concur.

Judgment reversed and a new trial ordered.