John J. Walsh, J.
The return of Honorable J. Ertman Crouse, Justice of the Peace, Town of Vernon, shows that the summons was issued on September 10, 1958 returnable on September 16 at which time plaintiff appeared in person and defendants by counsel. The action was adjourned to September 23 at which time at the suggestion of defense counsel both parties agreed to waive the taking and recording of the minutes of the trial to be held before a jury on October 8, 1958.
On October 8, 1958 the Judge’s return shows that the case was called; a jury impanelled; witnesses sworn (four for plaintiff and two for defendant) and, “case given to jury as sole judges of the law and facts ” and a jury verdict in the amount of $209.43.
Since the sum sued' for was less than $250, defendants were not entitled to a new trial in County Court as a matter of right (Justice Court Act, § 442).
*412 The stipulation by the parties dispensing with the taking of the testimony ‘ ‘ has the effect of eliminating the right to review by an appellate court, for the stipulation dispenses with the requirement of taking and recording the evidence thus leaving nothing upon which an appellate court can base a review of the law. See People v. Farinelli, 94 Misc. 139, 158 N. Y. S. 1092, and in effect makes the trial court one of last resort.” (Lefebvre v. Poirier, 57 N. Y. S. 2d 629, 631 [1945].)
Accordingly, the appeal is dismissed and judgment affirmed.