622

■ ALBERT GUTWIRTH V. CAREWELL TRADING CORPORATION et al.— Motion to dismiss appeal denied, with $10 costs. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.

■ HUNTINGTON HARTFORD, Doing Business as HUNTINGTON HARTFORD ENTERPRISES, Respondent, v. REGAL SHOE STORE No. 162, INC., Appellant.— Determination unanimously affirmed, with costs to the respondent, and the stay contained in the order of this court, entered on February 18, 1960, is vacated. No opinion. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ HUNTINGTON HARTFORD, Doing Business as HUNTINGTON HARTFORD ENTERPRISES, Respondent, v. REGAL SHOE STORE No. 162, INC., Appellant.— Application for leave to appeal to this court granted. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. J. EMANUEL, Respondent, against H. SILBERGLITT et al., Appellants.— Motion by relator-respondent to dismiss this appeal for failure on the part of the respondents-appellants to comply with the order of this court dated January 15, 1960 denied. The said order required the appellants to serve their record and brief on or before February 4, 1960 and set down the appeal for argument on February 16, 1960. The record and brief were filed on or before February 4, 1960. However, misconceiving the effect of the order of January 15, 1960 and erroneously concluding that the said order dispensed with the necessity of a notice of argument and note of issue, the appellants failed to file same as directed. The omission was, however, rectified on February 5, 1960. No prejudice to the appellants resulted from the delay of one day in compliance with the order of January 15, 1960. The appeal herein was argued on February 16, 1960. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. BENEDICT HIMMEL and LEONARD BURTMAN.— Motion by defendants-appellants to reverse a judgment of the Court of Special Sessions of the City of New York, New York County, rendered June 4, 1959, convicting them of three separate violations of section 1141 of the Penal Law, and for a new trial granted. Defendants were tried and convicted upon an agreed statement of facts which was submitted to the trial court. As conceded by the District Attorney, thorough examination of the records of the Court of Special Sessions of the City of New York discloses that the statement is missing from the court's files and is not to be found nor is there any likelihood of its recovery. In the absence of a sufficient case on appeal whereby appellate review of the sufficiency of evidence is precluded, a conviction must be reversed and a new trial had (People v. Cittrola, 213 App. Div. 674; People v. De Wilkowska, 246 App. Div. 285). Defendants need not proceed to argument of their appeal but are entitled to reversal of their convictions and the ordering of a new trial on this motion (see People v. Keefe, 254 App. Div. 683; People v. Kaplan, 278 App. Div. 665; People v. De Mayo, 2 A D 2d 985). Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.

■ In the Matter of SILGO RESTAURANT CORP. against NEW YORK STATE LIQUOR AUTHORITY.— Motion for stay granted on condition that the petitioner procures the record on review and petitioner's points to be served and filed on or before March 1, 1960, with notice of argument for the April 1960 Term of this court. The stay contained in the order to show cause dated February 2, 1960, is continued. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ HARRY RUDERMAN et al. v. HERMAN REICH INC. et al.— Motion for stay granted and the stay contained in the order to show cause, dated Feb-