THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT GENOVA, Appellant.

First Department, December 19, 1961.

*Stanley Hendricks* for appellant.

*Joseph A. Phillips* of counsel (*Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* The information under which the defendant was tried charged the defendant with the crime of unlawfully possessing obscene prints on July 9, 1960. Approximately 36,000 prints and negatives were taken from the possession of the defendant. Some of these were taken from defendant's automobile and the remainder from his studio.

At the trial the arresting officer testified the officers "took some of the pictures out of the car, the ones we considered a violation " and the rest were sent to the property clerk's office. These pictures, or some of them (67 in number), were received in evidence as People's Exhibit 1, over the defendant's objection that all of the material seized should be produced before the court so that it could determine what fell within the prohibition of section 1141 of the Penal Law.

People's Exhibit 2, 13 pictures and one negative, taken from defendant's studio, were received in evidence over a similar objection by defendant. Thereafter, as shown in the record, the following colloquy took place (names are omitted):

" [Justice Presiding]: Now the allegation, as I understand it, or the claim by the People, is that these are the pictures that are in violation of the statute. We are not concerned with the other pictures as to what they may be.

" Is that the theory on which you are prosecuting?

" [Assistant District Attorney]: The other pictures are not before the court.

" [Justice Presiding]: We are not interested in those pictures.

" [Defense Counsel]: The other pictures are not part of the evidence in the case.

" [Justice Presiding]: Oh no, no. They can't be. They can't be. All right."

On the basis of the foregoing defense counsel withdrew his objection and, apparently, his request that all of the pictures seized be put in evidence, or be made available to defense counsel as " an important matter " to his defense.

Defendant was convicted and sentenced to pay a fine of $250 or three months in the Workhouse, and a sentence of three months in the Workhouse, the execution of which was suspended.

On appeal this court is informed the exhibits have disappeared or been lost, and are not available. No description of the exhibits was entered upon the trial record. Because of the nature of the crime charged and of which the defendant stands convicted, on appeal a viewing of the exhibits is essential to determine if the conviction should stand. The exhibits in a case of this kind are an essential part of the record, and their absence makes the reviewable record incomplete. Therefore, the conviction cannot stand (*People* v. *Lomoso,* 284 App. Div. 670).

The District Attorney says a diligent search was conducted and, with commendable frankness, states his opinion that the exhibits will not be found. Thus, if a new trial were ordered the evidence upon which the conviction rests could not be offered again. Nor could the People have recourse to other pictures

seized because there was only a single crime charged, and the defendant, when requesting that all of the seized articles be produced, and asserting such pictures to be an important part of his defense, was assured these (the exhibits) were the pictures in violation of the statute. This court will not direct the doing of a useless act, i.e., a new trial, under the facts and circumstances here present. Accordingly, in reversing and vacating the judgment of conviction on the law, we direct, in the exercise of discretion, that the information be dismissed.

EAGER, J. (concurring). I concur in the result, that is, in the reversal and vacating of the judgment of conviction and in the dismissal of the information as a matter of discretion. In doing so, however, I do not agree that the proceedings had upon the trial would have limited the People, as a matter of law, upon a retrial under the information, from recourse to evidence and pictures other than the particular pictures put in evidence.

BREITEL, J. P., RABIN, McNALLY and STEVENS, JJ., concur in Per Curiam opinion; EAGER, J., concurs in memorandum.

Judgment of conviction unanimously reversed upon the law, and in the exercise of discretion the information dismissed.