■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT JOSEPH BUCK, Appellant.— MEMORANDUM BY THE COURT. Appeal from an order of the Supreme Court, Chemung County, entered August 4, 1967 which denied an application in the nature of a writ of error *coram nobis* after a hearing. The defendant and his brother were convicted on July 2, 1938 of the crime of murder in the first degree committed by them in the fatal assault on the turnkey of Chemung County Jail during the course of their escape on March 27, 1938. The defendant is presently serving his sentence of life imprisonment. In this proceeding the defendant questions the voluntariness of his confession admitted in evidence during his trial. A hearing was held for the purpose of determining the voluntariness of his confession on May 27, 1966. At the time

of the hearing the People were unable to produce the original confession, the transcript of the testimony given by defendant at the interview by the District Attorney and the trial record since they were all presumably lost in a flood which occurred in 1946. The judge who presided over defendant's trial and the court stenographer who took the minutes have both died in the interim. The defendant contends that due to the unavailability of his original confession or a transcript of the minutes of his trial, he is unable to obtain a fair and complete *Huntley* hearing, and that the judgment of confession should be vacated. At the hearing the District Attorney, who prosecuted the defendant in 1938, and his assistant testified that the confession was obtained within a few hours after the crime had been committed and the defendant had been apprehended. They further testified that the confession was given voluntarily; that there was no objection to its introduction on the trial; and that the question of its voluntariness had never been raised on the trial. The defendant testified on his own behalf describing threats, coercion, maltreatment and intimidation which he claims culminated in his confession two days after his arrest. The trial court was entitled to evaluate the testimony presented at the hearing, and was warranted in finding that the confession was voluntarily given. Although it has been held that a defendant's right to appeal would be thwarted by the unavailability of the trial record by reason of the action of the State or any of its agencies or agents (*People* v. *Mininni*, 21 A D 2d 811; *People* v. *Foreman*, 13 A D 2d 500; *People* v. *De Wilkowska*, 246 App. Div. 285; cf. *People* v. *Strollo*, 191 N. Y. 42), such is not the case here where the loss of records was occasioned by the forces of nature or the passage of a long period of time (*Norvell* v. *Illinois*, 373 U. S. 420). On a prior appeal we determined that the defendant here was not denied his right to appeal from the 1938 judgment of conviction and had knowingly waived it. (*People* v. *Buck*, 25 A D 2d 474.) The trial court's finding that the People have sustained the required burden of establishing voluntariness is amply supported by the record. Order affirmed. Herlihy, J. P., Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by the court.