THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CARL EUGENE BUFORD, Appellant.

Second Department, June 21, 1971.

*Eugene N. Cavallo, Jr.,* for appellant.

*Robert R. Meehan, District Attorney (Herman Van der Linde* of counsel), for respondent.

HOPKINS, J. The defendant was indicted for the crime of murder in the first degree. He was accused of slaying Yvonne Dove " by striking her on the head with a sharp instrument and by manually strangling her ". He was convicted after a jury trial of murder in the second degree.

The defendant raises several grounds for reversal of the judgment, including a claim that his guilt was not established beyond a reasonable doubt. Though the evidence presented by the People was wholly circumstantial, we do not think that the jury's finding of guilt ventured beyond the traditional test required of circumstantial evidence — that the proof point logically to guilt and exclude to a moral certainty every other reasonable hypothesis (*People* v. *Harris,* 306 N. Y. 345, 351; *People* v. *Cleague,* 22 N Y 2d 363, 365–366). In our opinion, the evidence against the defendant met this standard.

The defendant also complains that certain exhibits were received into evidence without a showing of connection to the victim. He refers to scrapings taken from the defendant's fingernails, and body tissue removed from the scene of the killing (the victim's apartment), as well as items of furniture and other physical evidence found at the scene. We see no error in the admission of any of these exhibits into evidence.

The defendant asserts that a statement made by him to the police was erroneously received into evidence, first on the ground that he was illegally taken into custody and hence any incriminating admissions must be suppressed, and second because the statement was taken in violation of the requirements of *Miranda* v. *Arizona* (384 U. S. 436). Neither of these grounds is tenable. Probable cause existed for the arrest of the defendant; and the proof established that the *Miranda* warnings were given to the defendant before he was questioned.

Finally, the defendant argues that his rights under due process were infringed by the failure of the People to disclose to him prior to trial the contents of a report made by one of the investigating policemen, Sergeant Chous. In that report, Sergeant Chous stated that another police officer had informed him that an unknown colored male had said that one John Sinclair had committed the murder and that he (Sergeant Chous) had interviewed the informant who gave him hearsay information about the victim. The report also stated that Chous had talked to a Mrs. McMillan who told him she had seen the victim alive but bleed-

ing from a head wound on the afternoon prior to the discovery of the body. Other information in the Chous report indicated that the defendant was also known by the name of John Sinclair.

We do not think that due process was offended by the nondisclosure of the report to the defendant. First, the defendant was apprised of Mrs. McMillan's statement during the trial and was thereby enabled to examine her and Sergeant Chous on that point (cf. *People* v. *Fein,* 18 N Y 2d 162). Second, we see no duty on the part of the People to inform the defendant that a person, not shown to be a witness, had identified the defendant under an alias.

Thus, the conviction should be affirmed. One question remains. During the course of our examination of this appeal, it was found that certain photographic exhibits received into evidence were not available for review. The missing exhibits fall into two groups:

1. Exhibits 1, 2, 3, 4, 27, 28, 34, 35 and 36 have been reproduced and have been examined by us. The District Attorney has certified them to be duplicates of the original exhibits. His certification has been accepted by the defendant's counsel on this appeal. The Public Defender, who represented the defendant at the trial, states that he has no reason to dispute the District Attorney's statement.[1] A description of these exhibits appears in the footnotes.[2]

2. Exhibits 7, 34 and 35 have not been reproduced and apparently are not in existence. A description of these photographs

---

1. Letters have been received from the District Attorney, the defendant's counsel and the public defender to the effect above stated, upon request by the court, and following a hearing called by the court for the purpose of determining the present location and existence of the exhibits. These letters are in the possession of the court.

2. People's Exhibit No. 1 shows the outside of the building at No. 52 First Avenue, Village of Spring Valley, on August 26, 1967, the day of the occurrence.

People's Exhibit No. 2 is a photograph of the body of Yvonne Dove (the deceased) as the scene looked when police first entered the apartment at 52 First Ave., Spring Valley.

People's Exhibit No. 3 is a photograph showing the kitchen window as it looked on the day of the occurrence.

People's Exhibit No. 4 is a photograph of a portion of the inside of the apartment as it was on the day of the occurrence.

People's Exhibit No. 10 is a photograph of Yvonne Dove, showing marks on her neck.

People's Exhibit No. 27 is a photograph showing a portion of the living room-kitchen combination, as it was on the day of the occurrence.

People's Exhibit No. 28 is a photograph of a portion of the bedroom in the apartment on the day of the occurrence.

People's Exhibit No. 36 is a photograph of a portion of the bathroom in the apartment on the day of the occurrence.

has been furnished by the District Attorney. His descriptions have not been objected to by the defendant's counsel. The Public Defender finds no fault with the descriptions, though he notes that he has no way of verifying them. The description of these exhibits as supplied by the District Attorney also appears in the footnotes.[3]

The disappearance of the original exhibits is accounted for by the District Attorney as a result of a complete alteration of the offices of the County Clerk and District Attorney between the time of the trial and the hearing of the appeal, during which time the exhibits were moved to temporary quarters and thus apparently lost. The court, following its discovery of the absence of the exhibits, requested the District Attorney, the defendant's counsel and the Public Defender to appear before it and to inform it as to the existence of the original exhibits and whether their presence was essential to the determination of the appeal. Following this hearing, letters have been received by the court from counsel and the Public Defender which convince us that the original exhibits cannot be located, that the duplicates submitted by the District Attorney can be examined by us for the purposes of this appeal and that the three missing exhibits do not prevent a consideration of the issues upon appeal.

As the duplicate photographs have been certified to us by the District Attorney and not disputed by other counsel, we think that no barrier as to the loss of the originals arises to forestall review. The three exhibits not before us in any form offer greater question.

We first observe that two of the missing exhibits (Nos. 34, 35) depict parts of the victim's apartment, which is the subject of other photographs before us as duplicates of original exhibits (cf. Nos. 4, 27, 28, 36). To that extent they are merely repetitive. The other missing exhibit is a photograph of the defendant taken at the time of his arrest and indicating the clothing then worn by him. We do not see how the absence of this photograph prevents review, since it is not connected with and does not bear upon any of the arguments raised by the defendant on appeal. Neither the defendant's counsel nor the Public Defender suggests that the presence of these exhibits is vital to the defend-

---

3. People's Exhibit No. 7 is a photograph of Carl Buford taken at the time of his arrest and shows him wearing certain clothing. There was no conflict as to the clothing Buford was wearing at the time of his arrest.

People's Exhibit No. 34 is a photograph of a portion of the living room-kitchen area looking toward the kitchen area at the time of the occurrence.

People's Exhibit No. 35 is a photograph of a portion of the bedroom as it appeared on the day of the occurrence.

ant's presentation of his grounds for reversal or that their absence is prejudicial to the defendant.

We have said that a "judgment of conviction must be reversed whenever, by the action of the State or any of its agencies or agents, the defendant has been effectively deprived of his statutory right to appeal" (*People* v. *Mininni,* 21 A D 2d 811). In that case the trial minutes had been destroyed (see, also, *People* v. *Kaplan,* 278 App. Div. 665; *People* v. *Keefe,* 254 App. Div. 683; *People* v. *Lomoso,* 284 App. Div. 670; *People ex rel. Berry* v. *De Wilkowska,* 246 App. Div. 285). In *People* v. *Adams* (22 A D 2d 892) we reversed the judgment because the minutes of the summations had been destroyed. In all of these cases the defendant was clearly prejudiced because what was missing in the record was both irretrievable and disabling. In *People* v. *Genova* (15 A D 2d 44) a judgment convicting the defendant of possession of obscene prints was reversed because the prints themselves had been lost. There, the defendant's guilt depended on a review of the prints.

But here the defendant's guilt does not hinge solely on the missing exhibits. A reversal of the judgment should not follow as a matter of course simply because one or more exhibits are not present at appellate review. Whether the defendant is prejudiced by the lost exhibits must be judged by the nature of the case, the evidence otherwise in the record, and the character of the exhibits themselves. "There may be cases in which the loss of documents is of no substantial importance, as where that kind of evidence is purely incidental or supplementary" (*People* v. *Strollo,* 191 N. Y. 42, 66). In *Strollo,* a capital judgment was affirmed, even though certain handwritten letters received as exhibits had been lost. The judgment was not affected, because the letters, written in Italian, had been translated into English and the translations appeared in the record. Here, testimonial descriptions of the photographs appear in the trial minutes, and accordingly the photographs are equally graphic and supplementary representations of the oral and written evidence.

In short, we see, first, no prejudice to the defendant, and second, no lack of ability to review the record and to consider the defendant's arguments on appeal, by reason of the absence of the original exhibits. We therefore affirm the conviction.

RABIN, P. J., MUNDER, MARTUSCELLO and CHRIST, JJ., concur.

Judgment of the County Court, Rockland County, rendered June 18, 1968, affirmed.