■ In the Matter of ROBERT P., a Person Alleged to be a Juvenile Delinquent, Appellant.— Order of the Family Court of the State of New York, Bronx County, entered on July 13, 1971, unanimously reversed, on the law, and the proceeding dismissed, without costs and without disbursements. The appellant was entitled to a *voir dire* examination to test the lawfulness of the seizure of the glassine envelopes by the police officer, in order to be in a position to challenge its admissibility. The United States Supreme Court has only recently reiterated

the requirement that fairness requires that no distinction be made between adults and juveniles in evidentiary matters. (*Ivan V.* v. *City of New York*, 407 U. S. 203.) It follows, therefore, that the legality of the subject seizure should be determined by the Judge who presided at the hearing, after a *voir dire* examination. (*Matter of D.* [*Daniel*], 27 N Y 2d 90, 95–96.) The respondent concedes that this is the proper approach. It is contended that no proper foundation was laid with respect to the receipt in evidence of the laboratory report. The laboratory report not being available for this appeal because it has been destroyed, it is not possible to determine its content or its authentication. (Cf. CPLR 4518, subd. [c].) Records such as this should be preserved pending disposition of any appeal. " When one is deprived either of his property or his liberty, the court depriving him of it must have record evidence justifying the action taken, which can be produced when called for, in order that a review may be had by an appellate tribunal." (*People* v. *Hines,* 57 App. Div. 419, 422; see, also, *People* v. *Lomoso,* 284 App. Div. 670; *Cassella* v. *Manikas,* 8 A D 2d 587.) Concur — Stevens, P. J., Markewich, Nunez and Kupferman, JJ.; Murphy, J., concurs in the following memorandum: While I concur in the result, I would dismiss the petition, not because of the destruction of the laboratory report, but because said report, admitted over objection, was inadmissible in evidence as a matter of law; and without the testimony of the laboratory technician the other evidence adduced was legally insufficient to support the adjudication.