■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM CARL AUTH, Appellant.— Judgment unanimously reversed and a new trial granted. Memorandum: Defendant was tried in Onondaga County Court on six counts of forgery in the second degree, found guilty by a jury on all six counts and sentenced on July 1, 1955 to a term of not less than five years nor more than 15 years. Subsequently, defendant made an application to be resentenced on the ground that he had not been informed of his right to appeal. Following a hearing held pursuant to *People* v. *Montgomery* (24 N Y 2d 130), the court granted his request and, on June 15, 1970, it resentenced defendant, a second felony offender who was then on parole, to the term imposed by the original trial court. Defendant now appeals from that judgment of conviction seeking to have it vacated on the ground that a substantial part of the trial transcript is missing and, therefore, effective appellate review is impossible. The clerk's minutes indicate that the People called three witnesses: Lee Mosher, Anna Madej and George Emerson; that the defendant called Harley Raymond Munn, and that Lee Mosher was recalled. The only available stenographical transcript contains the testimony of George Emerson and Harley Raymond

Munn. The testimony of Lee Mosher, both on direct and recall, and Anna Madej is missing, as are the opening and closing statements of counsel and the court's instructions. The District Attorney failed to take an appeal from the order of Onondaga County Court dated June 15, 1970 granting defendant a writ of error *coram nobis* and resentencing defendant with respect to his 1955 conviction for the purposes of appeal, and we may not now review the propriety of that order and we must grant defendant's motion to vacate the judgment of conviction. As this court held, as recently as February of this year in a case involving a 1959 conviction, when the stenographical transcript of a jury is not available for use by defendant to prosecute an appeal, it is impossible to make an appropriate evaluation and disposition of the issues arising from the evidence and rulings of the trial court which might be raised on appeal. The loss of the transcript must be deemed the loss of the right to adequate appellate review and we are constrained to grant a new trial (*People* v. *Poole,* 41 A D 2d 699). This rule is consistent with earlier decisions of this court (*People* v. *Juhl,* 38 A D 2d 889; *People* v. *Jackson,* 36 A D 2d 1008; *People* v. *Hartley,* 34 A D 2d 733; *People* v. *Schwach,* 16 A D 2d 879; *Waterman* v. *State of New York,* 13 A D 2d 619). Decisions in other departments are in accord (*People* v. *Boone,* 22 A D 2d 982 [3d Dept.]; *People* v. *Williams,* 13 A D 2d 814 [2d Dept.]; *People* v. *Himmel,* 10 A D 2d 622 [1st Dept.]; *People* v. *De Mayo,* 2 A D 2d 985 [2d Dept.]). In *People* v. *Lomoso* (284 App. Div. 670, 672), we held that availability of a portion of the transcript is not sufficient. "We recognize that occasionally there may be absent from a record an insignificant portion. It is another matter, however, when we are asked to pass upon an appeal when the testimony of an entire afternoon of the trial is missing from the record." In *People* v. *Hines* (57 App. Div. 419, 422), the court stated: "When one is deprived either of his property or his liberty, the court depriving him of it must have record evidence justifying the action taken, which can be produced when called for, in order that a review may be had by an appellate tribunal." The case of *Norvell* v. *Illinois* (373 U. S. 420 [1963]), presented a far different situation from that involved here. In *Norvell,* the United States Supreme Court was called upon to determine the constitutionality of an Illinois statute as applied to indigent defendants in light of its earlier ruling in *Griffin* v. *Illinois* (351 U. S. 12 [1956]). The *Griffin* case held that an indigent can not be deprived of any right to appeal because he can not afford the cost of its prosecution. Here, we have no constitutional question as to the application of any statute to indigent defendants. Nor do we have a situation where a defendant waived his right to appeal by voluntarily allowing the time for its filing to pass. As was determined at the *Montgomery* hearing, defendant was never advised of his right to appeal from his 1955 conviction, and it was for the purpose of correcting that error that he was resentenced so that an appeal could be taken. There is nothing in the record to indicate any justifiable excuse for the entire transcript not having been preserved, and its unavailability is certainly not defendant's fault. (Appeal from judgment of Onondaga County Court, rendered July 1, 1955, following resentence.) Present — Del Vecchio, J. P., Moule, Cardamone, Simons and Henry, JJ.